Syllabus—Statement.

## Staunton.

### WHITLOCK v. COMMONWEALTH.

September 22d, 1892.

1. INDICTMENT—*Physician—Without license.*—It is sufficient if words used in indictment are equivalent to those employed in the statute describing the offense; and to charge a person with "practicing medicine" is equivalent, under Acts 1883–'84, p. 597, § 92, to charging that he "practiced as a physician" without having a license.
2. IDEM—*Compensation.*—It is immaterial that indictment charging a person with practicing as a physician without license failed to charge that he did so for compensation, under Code, § 534.
3. EVIDENCE.—Where, in such a prosecution, the offense charged was within one year and the jurisdiction of the court, it is allowable to prove that defendant treated professionally a family other than that of the informing witness.
4. INSTRUCTIONS—*Harmless error.*—Where, in such prosecution, the court instructs the jury that the case is governed by Code, § 574, and the jury assesses the fine at $30 only—

HELD:
> The instruction, though erroneous, does not prejudice the defendant.

Error to judgment of corporation court of city of Winchester, in a prosecution of the plaintiff in error, Whitlock, for practicing as a physician, in violation of Acts 1883–'84, page 597, § 92, whereby he was, in accordance with the verdict of the jury, sentenced to pay a fine of $30. Opinion states the case.

*Harrison & Byrd*, for plaintiff in error.

*Attorney-General R. Taylor Scott*, for commonwealth.

LEWIS, P., delivered the opinion of the court.

This was a prosecution against the plaintiff in error, in the corporation court of the city of Winchester, for a violation of the revenue laws. The indictment contains two counts. The first charges that the defendant, on the —————— day of November, A. D. 1888, in the said city, and within the jurisdiction of the said court, did practice medicine for compensation in the family of G. W. Fletcher, without having obtained a license therefor as required by law, against the form of the statute, &c. The second count is like the first, except that it omits the averment that the defendant practiced for compensation.

The defendant demurred to the indictment and to each count thereof, but the demurrer was overruled, and this ruling is the subject of the first assignment of error.

It is contended that the demurrer ought to have been sustained, because the indictment does not follow the words of the statute in setting out the offense, and is uncertain and otherwise defective.

The language of the statute is that no person shall practice as a physician without a license, and the indictment charges that the defendant *practiced medicine.* We are of opinion, however, that the indictment substantially adheres to the words of the statute, and is sufficient. It is not always necessary that in an indictment under a statute the precise language of the statute shall be used in describing the offense. It is sufficient if the words used are *equivalent* to those employed in the statute; and to charge a person with practicing medicine is equivalent to charging that he practiced as a physician. Worcester defines *physician* as "one who professes or practices medicine," and such is the general acceptation of the term. The indictment, in short, states, we think, with sufficient certainty and clearness all the circumstances

which constitute the offense as set down in the statute, to bring the defendant precisely within it, and is good. The second count, it is true, does not state that the defendant practiced for compensation, but that is immaterial. The act of 1884 provided, in defining the offense, that no person should practice as a physician for compensation without a license; but the present Code, which was subsequently enacted, provides that it shall be unlawful for any person to engage, without a license, in any business or profession for which a license is required, either with or without compensation, upon any agreement, express or implied. Code, sec. 534.

The next question relates to the admission of certain evidence at the trial; that is to say, after Fletcher, a witness for the commonwealth, had testified that, on a certain occasion, he got a prescription for his wife from the defendant, in Winchester, he was allowed, against the defendant's objection, to testify that the defendant had also visited his family, and practiced upon certain members thereof, in the country, a quarter of a mile outside of the corporate limits of the city.

There was no error in this action of the court; for although the offense may have been complete when the wife of the witness was prescribed for, yet it was not improper to receive evidence as to the defendant's visit to the family of the witness and his practicing upon them, all of which was admissible in support of the general charge in the indictment that the defendant had practiced medicine without a license; the evidence being confined to a period within a year of the finding of the indictment, and the place being within the jurisdiction of the court.

The next question relates to an instruction given to the jury by the court, to the effect that section 574 of the Code applied to the case, which provides that if any person exercises any business or profession without a license, when a license is required by law, if no specific fine for so doing is prescribed,

he shall pay a fine of not less than thirty nor more than one thousand dollars for each offense.

Technically, the court erred in telling the jury that this section applied to the case, inasmuch as a specific fine for practicing as a physician without a license is imposed by the act of 1884, which imposes a fine of not less than thirty dollars nor more than one hundred dollars for each offense. Acts 1883–'84, p. 597, sec. 92. But this error was not to the prejudice of the defendant, since the *minimum* fine imposed by the act is the same as that prescribed by section 574 of the Code—viz., thirty dollars; and in this case the jury by their verdict, upon which the judgment complained of was entered, have imposed the *minimum* fine. *Mitchell's Case*, 75 Va. 856, is a sufficient authority upon this point.

We find no error in the judgment, and the same must be affirmed.

JUDGMENT AFFIRMED.