*34 Vroom.* Mayer v. State.

---

ALBERT MAYER, PLAINTIFF IN ERROR, v. THE STATE, DEFENDANT IN ERROR.

Submitted December 5, 1898—Decided February 27, 1899.

1. Correct criminal pleading of a statutory offence does not require a negative averment that the defendant is within an excepted class, unless the exception be in the enacting clause of the statute; if it be in a separate clause or in a subsequent statute, it is matter of defence.
2. Upon the trial of an indictment for unlawfully commencing the practice of medicine, a witness testified to a relevant conversation with the defendant, in the course of which the defendant gave to him a bottle and a card upon which was written "a copy of the contents of the bottle." *Held*, that these exhibits were properly admitted without proof that the contents of the bottle was a medicine.
3. In the above context the word "prescription" is a common noun, and not a mere conclusion of the witness; it means a written medical recipe.

On error to the Hudson Quarter Sessions.

Before MAGIE, CHIEF JUSTICE, and Justices DIXON, GARRISON and GUMMERE.

For the plaintiff in error, *McEwan & McEwan* and *Frank M. Hardenbrook.*

For the state, *James S. Erwin,* prosecutor of the pleas.

The opinion of the court was delivered by

GARRISON, J.   Upon this writ of error the defendant may question the sufficiency of the indictment.   A motion to quash was duly made before the jury was sworn.   *Mead* v. *State,* 24 *Vroom* 601.

The error, if any, in the pleading appears upon the face of the record.

The indictment is for a statutory offence, to wit, unlawfully commencing the practice of medicine without first filing a state license.   *Gen. Stat., p.* 2084.

The supposed defect in the indictment is that it fails to aver that the defendant is not one of the persons who, by the ninth section of the act, are classified and excepted from its operation.   Correct pleading does not require a negative averment of this sort, unless the exception be in the enacting clause of the penal statute; if it be in a separate clause or in a subsequent statute it is matter of defence.   *Roberson* v. *Lambertville,* 9 *Vroom* 69; *Hoffman* v. *Peters,* 22 *Id.* 244.   The indictment sufficiently charges a violation of the act of 1894, as amended by the act of 1895, which was prior to the date of the alleged offence.

Error is also assigned to the admission of certain evidence by the trial court.   The case of the state rested upon the testimony of Dr. Hendrick, who testified that he visited the defendant at his drug store, told him that he had pain in the stomach and back with vomiting and general distress, and that the defendant gave him a bottle containing a liquid and

labeled " three drops at a time," and wrote upon the back
of a card, " a copy of the contents of the bottle," and gave it
to the witness, who paid thirty-five cents for the bottle and
ten cents for the copy on the card.   On its printed side this
card advertised the defendant as " Dr. Albert Mayer, Phar-
macist and Chemist."   The " copy " on the back of the card
was,

" R.  Solut. Fowleri, 3 oz.

" S.  3 drops at time.

"ALBERT MAYER."

Objection was made to the introduction of this bottle be-
cause it was not shown that it contained a medicine, and to
the card because it was not shown that it was a prescription.
Objection was also made because Dr. Hendrick was permitted
to characterize the writing on the card as " a prescription,"
upon the ground that it was a conclusion of the witness.   The
exhibits were properly admitted if for no better reason because
they were facts accompanying relevant words, *i. e., res gestœ;*
but their direct relevancy is too clear for discussion.   The
objection to the use of the word " prescription," under the
circumstances, does not rest upon a much more substantial
foundation.   It was not the act of the defendant that was
thus characterized, but a bit of writing then in court.   In
this context the word " prescription " has long since passed
from its general and etymological meaning to a concrete and
substantive use—not even participial—standing not for the
act, but for the thing, to wit, a written medical recipe.   Even
in its participial sense this witness, who was a medical practi-
tioner, would have been permitted to employ it.

The judgment of the Sessions is affirmed.