ALBERT MAYER, PLAINTIFF IN ERROR, v. THE STATE OF NEW JERSEY, DEFENDANT IN ERROR.

Submitted December 12, 1899—Decided March 5, 1900.

1. An indictment for a statutory offence need not contain an averment that the defendant is not within an excepted class, unless the exception is found in the enacting or prohibitory clause of the act; if it is

found in a separate substantive clause, or in a subsequent statute, and is not an essential part of the description of the offence, it is matter of defence.

2. It is unnecessary in such an indictment to recite a public statute on which it is founded, but where it is recited with a material variance, and the indictment concludes with the words, "contrary to the form of the statute in such case made and provided," without referring to the recited statute, the recital may be rejected as surplusage, and a trial thereunder be held regular.

3. Upon the trial of an indictment charging the defendant, at a certain time and place, with commencing the practice of medicine, without license, by then and there prescribing for one C. H. a certain medicine, &c., a business card of the defendant containing his name with the title "Dr." prefixed, and advertising himself as pharmacist and chemist, and with having a free dispensary at his place of business, where registered physicians were in attendance daily to give medicine and surgical advice free of charge, after being identified by him on cross-examination as having been put in circulation by him within two years previous to the date of the offence charged, was admitted in evidence over the objection of defendant. *Held*, on review, that the card was admissible as a declaration of the defendant, tending to prove that he had been engaged in carrying on the prohibited business, which was corroborative of the proof offered in support of the offence charged.

4. Where the statute on which such indictment was based declared, among other things, that the use by a person of the title "Dr.," "Doctor," &c., or the exposure of a sign, circular, advertisement or any other device or information, indicating thereby the occupation of the person, shall be considered *prima facie* evidence, a charge of judge to the jury to the effect that the card which the defendant gave to the prosecuting witness, along with the bottle of medicine, on which his name appears as "Dr., A.M.," was, under the act *prima facie* evidence to the jury that the defendant was practicing medicine, or holding himself out as practicing medicine at that time, was held on review not to be erroneous.

On error to the Supreme Court. For opinion of the Supreme Court, see 34 *Vroom* 35.

For the plaintiff in error, *McEwan & McEwan* and *Frank M. Hardenbrook.*

For the defendant in error, *James S. Erwin*, prosecutor of the pleas.

The opinion of the court was delivered by

HENDRICKSON, J. The matter under review in these proceedings is a conviction of the defendant below in the Hudson Quarter Sessions upon the charge of commencing the practice of medicine and surgery in this state without license first obtained under the act entitled "An act to regulate the practice of medicine and surgery, to license physicians and surgeons and to punish persons violating the provisions thereof," approved May 22d, 1894.

This conviction was first brought into the Supreme Court and was there affirmed. The opinion will be found in 34 *Vroom* 35.

So far as the questions raised have been discussed in the opinion, I see no error in the conclusions, and need refer only to a single point there considered. In the ninth section of the act, upon which the indictment was founded, several classes of persons were named, and among them " legally registered pharmacists," who should not be subject to the terms of the act. The indictment had failed to insert negative averments to the effect that the defendant was not included within either of the excepted classes, and the court had been asked to quash for that reason. The Supreme Court very properly held that the refusal to quash was not error, and that such negative averments were not required unless the exception be in the enacting clause, and that if it be in a separate clause or in a subsequent statute it is a matter of defence.

It was insisted before us that this statement of the law is in conflict with the rule as laid down in *State* v. *Startup,* 10 *Vroom* 423.

It is true that in the latter case one of the provisos which the courts held must be negatived was contained in a subsequent statute, but it appears that the later statute amended the enacting clause of the original act, so that the new proviso had in fact become part of the enacting clause when the indictment was found.

The seeming confusion that has arisen in some of the cases,

in the application of this rule, has evidently grown out of the uncertainty that has existed as to precisely what is meant by the words "enacting clause."

Mr. Justice Depue made this observation, in *McGear et al.* v. *Woodruff*, 4 *Vroom* 213, and expressed his approval of the rule as laid down in *Gould Pl., ch.* 4, *p.* 179, § 22, which is, in substance, that where the subject of any exception is found in the enacting or prohibitory clause, it must be excluded by averment in the pleading, but if it is found in a separate substantive clause, it need not be noticed therein. In the first case the exception is an essential part of the description of the offence or thing prohibited; in the latter, the proviso, &c., is only distinct matter of defence.

It is contended that the trial court erred in admitting evidence against the defendant in support of an indictment under the act of 1894, by the ninth section of which he is among the classes exempt from its provisions, or, as counsel puts it, by trying the defendant under the act of 1895, while he is indicted under the act of 1894. The ninth section of the original act exempted the defendant, who was a legally-registered pharmacist, from its operation. By the act of 1895, the ninth section of the former act was amended so as to omit the exemption therein of legally-registered pharmacists. It is difficult to see how the supposed error here complained of could have prejudiced the defendant in the making of his defence. The record shows that the amendatory act was known to the defendant's counsel at the outset of the trial. But it seems to me that there was no error in the admission of evidence with reference to both of these acts, which were public statutes. It is not denied but that the indictment described the offence in the words of the statute as thus amended.

The contention is that the recital being of the act of 1894 alone, without reference to any amendment or supplement thereto, the evidence must be strictly confined to the offence as created by that act.

But the rule has been long settled to the contrary, it being held that there is no necessity to recite any public statute on

which an indictment is founded, but that where it is recited with a material variance, and the indictment concludes, as in this case, with the words "contrary to the form of the statute in such case made and provided," without referring to the recited statute, the recital may be rejected as surplusage. 2 *Hawk. P. C., p.* 25, ¶ 101; 6 *T. R.* 776; 1 *Arch. Cr. Pr. & Pl.* 287. See, also, *State* v. *Dewey,* 55 *Vt.* 550.

It is further contended that there was error in admitting in evidence over defendant's objection his business card bearing the name, "Dr. Albert Mayer, Pharmacist and Chemist," with his business address in Jersey City attached, the reverse side of which bore a notice of a free dispensary, at which registered physicians were in attendance daily to give medical and surgical advice free of charge, and also in admitting the publication by him in a newspaper of a business card of like purport. The indictment charged the defendant with the practice of medicine and surgery in this state without license, &c., "by then and there prescribing for one Charles Hendrick a certain medicine," &c.

After the state had rested the defendant gave evidence tending to prove that the medicine he gave Mr. Hendrick, the prosecuting witness, was compounded as directed by the latter, who was known to defendant to be a physician; that he, defendant, was not acting as a physician but as a pharmacist in his own store.

Upon the cross-examination the card and advertisement were shown to the defendant and were admitted to have been circulated and published by him in the year 1895 for the purpose of advertising his business, and defendant gave further evidence tending to prove that he had continued the business of a free dispensary as late as January 1st, 1897, which was within nine months of the date of the offence charged. The objection raised to this evidence is that to admit it was in violation of the rule that evidence of extraneous crimes is not admissible to prove the one for which defendant is on trial.

But the evidence objected to does not, in my judgment,

·come within the category suggested. It is rather in the ·nature of the declaration of the defendant tending to show that during a part at least of the preceding two years he had been engaged in carrying on the prohibited business, for a specific exercise of which, at a later period, he stood charged in the indictment and to thereby corroborate that charge. It also tended to rebut the evidence which the defendant had given. The effect of this evidence was not given any wider scope by the learned trial judge than the one I have suggested, for when he came to charge the jury he directed them to confine their consideration of the evidence to the period named in the indictment and to the acts of the defendant which constituted the alleged offence.

Within the scope I have suggested, the principle I have alluded to finds support in the cases.

In *Clark* v. *State,* 18 *Vroom* 556, where the indictment was for selling numbers in a lottery scheme, it was held in this court not to be error to admit in evidence a book called a "dream-book" and a chequered paper with numbers on it, both having been found on the premises where the numbers were sold and both being identified as being used in the policy business. The admission was justified as tending to show the character of the business carried on in the place where the numbers were purchased and in which business the numbers were used.

In *Weed* v. *People,* 3 *Thomp. & C.* 50 (*New York Supreme Court*), on a trial for procuring an abortion resulting in death, it was held that a circular published by the prisoner three years previously, tending to show that he was in the business of consulting in reference to the procuring of abortions, was admissible in evidence as corroborative proof of the offence charged. The admission of the circular was resisted on the same grounds as is the admission of the card and advertisement in this case, but the court held that the offer was not analogous to evidence of the commission of other similar offences, but was competent as a declaration of the prisoner, corroborating the proof introduced on the trial, and was a

statement by himself to the effect that he made it a part of his business to attend to cases of this kind.

In *Whitlock* v. *Commonwealth*, 89 *Va.* 337 ; 15 *S. E. Rep.* .893, in a prosecution for practicing as a physician without a license, it was held that evidence that the defendant, in addition to prescribing in the family of the prosecuting witness at the time and place alleged in the indictment, had also visited the family and practiced upon certain members of it in another municipality, but within the jurisdiction of the court, the evidence being confined to a period within one year of the finding of the indictment, was admissible. The exact ground upon which the admission of this evidence was justified, does not very clearly appear from the opinion, but I infer it was upon a principle somewhat analogous to the one we are considering. And so in *State* v. *Welch*, 64 *N. H.* 525, evidence of sales of intoxicating liquors to other persons than the one named in the indictment, within one year preceding the first day of the term when the indictment was found, was held competent to prove that the defendant was in the business.

The only other assignment of error that is seriously urged is the one based upon the trial judge's charge, to the effect that the card which the defendant gave to the prosecuting witness along with the bottle of medicine, on which his name appears as "Dr. Albert Mayer," and which was admitted in evidence on the trial, was under the act *prima facie* evidence to the jury that the defendant was practicing medicine at that time. If this part of the charge was not in the exact words of the statute under which the indictment was found, it fairly expresses its evident intent and meaning and was not erroneous.

My conclusion is, upon the whole case, that the judgment below should be affirmed.

*For affirmance*—The Chief Justice, Van Syckel, Lippincott, Ludlow, Collins, Bogert, Nixon, Hendrickson, Adams, Vredenburgh.  10.

*For reversal*—None.