THE STATE OF NEW JERSEY v. ROBERT MARKS.

Submitted March 28, 1900—Decided June 11, 1900.

1. An indictment for a statutory offence should negative a provision in the statute which creates an exception to its prohibition, when the exception is found in the enacting or the prohibitory clause of the act.

2. Section 66 of the revised Crimes act (*Pamph. L.* 1898, *p.* 812) makes it unlawful "for any person, without license for that purpose first had and obtained, to sell, or permit to be sold, any vinous, spirituous or malt liquors, wine, rum, gin, brandy or other ardent spirits, or any composition of which any of the said liquors shall form the chief ingredient, except such as shall be compounded and intended to be used as medicine, by less measure than one quart." *Held,* that the exception contained in the statutory pro-

vision relates only to compositions of which one or more of the liquors, specified in the earlier part of the enactment, form the chief ingredient.

3. Proof that a vendor, in compliance with the request of a vendee for a half-pint of whiskey, sold to him a half-pint bottle of liquor, and received payment for it *as whiskey*, will, in the absence of proof to the contrary, justify the conclusion that the liquor sold was in fact whiskey.

On error to the Ocean Quarter Sessions.

Before Depue, Chief Justice, and Justices Van Syckel and Gummere.

For the state, *Theodore J. R. Brown,* prosecutor of the pleas.

For the defendant, *Aaron E. Johnston.*

The opinion of the court was delivered by

Gummere, J. The plaintiff in error was convicted in the Ocean Quarter Sessions for selling a half-pint of whiskey to one Hopkins, without a license for that purpose first had and obtained, in violation of the provision of section 66 of the Crimes act, as revised in 1898. *Pamph. L., p.* 812. The act in question makes it unlawful "for any person without license for that purpose first had and obtained, to sell or permit to be sold, any vinous, spirituous or malt liquors, wine, rum, gin, brandy or other ardent spirits, or any composition of which any of the said liquors shall form the chief ingredient, except such as shall be compounded and intended to be used as medicine, by less measure than one quart."

The principal objection to the legality of the conviction, which is pressed upon us, relates to the sufficiency of the indictment. The insistment is that it is fatally defective because the draughtsman has failed to insert therein negative averments to the effect that the liquor sold was not "compounded and intended to be used as medicine." This objection was taken before the trial court, prior to the swearing of the jury, by a motion to quash, and, consequently, the defendant is entitled to raise the question of the sufficiency of the indictment

on this writ of error. *Mayer* v. *State,* 34 *Vroom* 35. If the exception contained in the statute relates to the sale of "vinous, spirituous, or malt liquors, wine, rum, gin, brandy or other ardent spirits," as well as to "any composition of which any of the said liquors shall form the chief ingredient," the insistment of the defendant is well founded, for it is entirely settled in this state that it is necessary to aver that the act charged is not within the excepted class when the exception is found in the enacting or the prohibitory clause of the statute (*Roberson* v. *Lambertville,* 9 *Vroom* 69 ; *Mayer* v. *State, supra; S. C. on error,* 35 *Vroom* 323) ; and the exception appealed to is clearly within the prohibitory clause of the present act.

What, then, is the scope of the exception? Is it as broad as the defendant contends, or is it, as the prosecutor insists, confined to the sale of "compositions" of which the liquors specified form the chief ingredient? The argument in support of the former contention is strong, and, if the question was an open one, we should hesitate to say that it should not prevail. But we consider that, at this day, the scope of this exception must be accepted as beyond all controversy. The present sixty-sixth section of the Crimes act, practically in the same form in which it exists to-day, has stood upon our statute-books for more than eighty years. More than a half century ago (at the November Term, 1841), the question of the scope of this exception was presented to this court for its determination, and it was then declared to be limited to the sale of compositions of which the liquors specified in the earlier part of the provision formed the chief ingredient. *Townley* ads. *State,* 3 *Harr.* 311.

In the various re-enactments of this provision which have occurred since the decision of that case, the legislature has preserved unchanged the language of the exception and its relative location in the enactment. That by doing so that body accepted the declaration of this court as accurately defining the range of the excepting clause cannot be successfully disputed.

It is further assigned for error that the indictment is defective in failing to allege with sufficient certainty that the illegal sale was made by the defendant personally, and, further, that

the place of sale is not specified therein with enough particularity. We think, from our examination of it, that the pleading is not open to these objections.

It is further assigned as error that there was no proof to go to the jury that the liquor sold by the defendant was one of the class the sale of which is prohibited by the statute. The evidence on this point was that Hopkins applied to the defendant to sell him a half-pint of whiskey; that in response to this application defendant sold to Hopkins a half-pint bottle of liquor for whiskey, and received in payment for the same the sum of twenty-five cents. This was not disputed on the part of the defendant, nor was any attempt made by him to show that the liquor sold was not in fact whiskey. In this state of the case the jury was justified in finding that the liquor sold was what it was inferentially represented to be.

The judgment under review should be affirmed, with costs.