## Richmond.

## BURTON V. COMMONWEALTH.

### January 24, 1918.

1. INTOXICATING LIQUORS—*Prohibition Act—Indictment—Transportation—"For Use in This State"—"For Sale."*—Accused was indicted under section 39 of the prohibition act (Acts 1916, page 215) for personally and at one time bringing into the State, and also for personally and at one time transporting from one point to another within the State ardent spirits in excess of the quantity of one quart allowed by that section of the act. There were two counts in the indictment, neither of which contained any allegation to the effect that the liquor in question was "for use in this State."

*Held:* That the indictment was not insufficient because of the lack of this allegation, as under section 39, neither as to the offense of the bringing of the liquor into this State, nor as to the transportation of it within the State, is it an essential ingredient of the offense that the liquor must be "for use in this State;" nor was the indictment insufficient because it lacked an allegation that the liquor in question was brought into this State, or transported from one point to another within this State, "for sale," the statute not providing that the liquor in question must be brought into the State "for sale," or transported from one point to another within the State "for sale," in order to create either of the offenses.

2. STATUTES—*Title—Prohibition Act.*—Section 39 of the prohibition act is not unconstitutional as violative of section 52 of the Constitution of Virginia, because the body of the act in regard to "transportation" of ardent spirits is broader than its title, in that the title is confined in its reference to "transportation" to "transportation for sale."

3. STATUTES—*Title—Prohibition Act.*—The regulation of the bringing into this State and of transporting from one point to another within the State of ardent spirits is certainly germane and in furtherance of the "enforcement" of the statute in respect to its regulation of the use and its prohibition of the keeping of ardent spirits for sale. While this is not so obviously true of the prohibition of the sale of ardent spirits, falling under the ban of the statute, it is essentially true of

that also. Without regulation of the transportation of ardent spirits, the illicit sale thereof cannot be efficiently prevented. Hence, such regulation may be said to be not only germane and in furtherance of the enforcement of the statute, but that it is essential to its enforcement.

4. REASONABLE DOUBT—*Reasonable Doubt as to which of Two Persons Committed the Offense.*—When two persons had the same opportunity to commit the offense, and if upon the whole evidence in the case there remains a reasonable doubt as to which of the two committed it, neither of the two can be convicted.

5. INSTRUCTIONS—*Reasonable Doubt.*—Where it appeared from the record that there was evidence in the case which tended to show that the accused did not bring the liquor in question into this State or transport it from one point to another within the State; but that another person, not indicted and absent from the State at the time of the trial, brought the liquor into the State, it was error to refuse an instruction that if there was a reasonable doubt as to which of the two committed it, "neither of the two can be convicted," the instruction being the same in effect as if it had concluded, "the accused cannot be convicted," in lieu of the language, "neither of the two can be convicted."

Error to a judgment of the Circuit Court of Northampton county.

*Reversed.*

The opinion states the case.

*Stanley Scott* and *Louis S. Sacks,* for the plaintiff in error.

*Attorney-General Jno. Garland Pollard, Assistant Attorney-General J. D. Hank, Jr.,* and *Leon M. Bazile,* for the Commonwealth.

SIMS, J., delivered the opinion of the court.

The accused was indicted under section 39 of the prohibition act (Acts 1916, p. 215) for personally and at one time bringing into the State, and also for personally and at one time transporting from one point to another within

the State, ardent spirits in excess of the quantity of one quart allowed by that section of such act.

There are two counts in the indictment, which, omitting the formal parts, are as follows:

First Count. " *   *   *   that Arthur Burton, in said county on the . . . day of April, A. D., 1917, did unlawfully bring into the State of Virginia ardent spirits, to-wit, 15 quarts of distilled liquor   *   *   * "

Second Count. " *   *   *   that Arthur Burton, in said county, on the . . . day of April, A. D., 1917, did unlawfully transport from a point in the State of Virginia to another point in said State of Virginia, ardent spirits, to-wit, 15 quarts of distilled liquors   *   *   * "

It will be noted that neither count of the indictment contains any allegation to the effect that the liquor in question was "for use in this State."

There was a demurrer to the indictment, and to each count thereof, which was overruled by the trial court. Of the questions raised by the grounds of demurrer, all except three have been recently decided by the opinions of this court in other cases, and so need no further consideration by us. The three questions referred to, which should be dealt with by us in the instant case, will be considered and passed upon in their order as stated below.

1. Is the indictment insufficient because of its lack of allegation that the liquor in question was "for use in this State?"

Both counts of the indictment were under section 39 of the statute as shown by the statutory language used in the indictment. It is true that the first part of this section couples with the language creating the offense of bringing liquor into this State (which is the subject of the first count of the indictment) the qualification that such bringing must be "for use in this State;" but the provision on this subject in the latter part of the same section makes it plain

107

that such qualification is not made by the statute an essential ingredient of the offense. The latter provision is as follows: "It shall be unlawful for any person to bring into this State from any point without the State, whether in his personal baggage or otherwise, within a period of thirty days, more than one quart of ardent spirits * * *"

As to the transportation within the State (which is the subject of the second count of the indictment) the language of section 39, which creates that offense, plainly does not make the qualification "for use in this State" an ingredient of that offense. That language is as follows: "No person * * * shall * * * transport from one point to another in this State * * * any ardent spirits."

Therefore, under the rule on the subject too well settled to need restatement here, neither as to the offense of the bringing of the liquor into this State, nor as to the transportation of it within the State, was the qualification that it must be "for use in this State" an essential ingredient of the offenses charged, and hence both of the counts were good without the allegation that the liquor in question was "for use in this State." *Pine and Scott's Case,* 121 Va. 812, 93 S. E. 652; *Whitlock's Case,* 89 Va. 337, 15 S. E. 893; *Benton's Case,* 91 Va. 782, 793, 21 S. E. 495.

2. Is said section 39 of said act unconstitutional, in that it violates section 52 of the Constitution of Virginia, because the body of the act in regard to "transportation" of ardent spirits is broader than its title, in that the title is confined in its reference to "transportation" to "transportation for sale?"

It is true that the title to the act in its reference to transportation is confined to "transportation *for sale,*" but there are other objects of the statute than the prohibition of the transportation for sale, among which are the prohibition of the "use," and "keeping for sale" of ardent spirits "except as provided" therein, and the "sale" of ardent spirits,

which are expressly embraced in the title of the statute. The title also expressly sets forth that one of the objects of the statute is "to provide for the enforcement of this act." The regulation of the bringing into this State and of transporting from one point to another within the State of ardent spirits is certainly germane to and in furtherance of the "enforcement" of the statute in respect to its regulation of the use and its prohibition of the keeping of ardent spirits for sale. While this is not so obviously true of the prohibition of the sale of ardent spirits, falling under the ban of the statute, it is essentially true of that also. Without regulation of the transportation of ardent spirits, the illicit sale thereof cannot be efficiently prevented. Hence, such regulation may be said to be not only germane and in furtherance of the enforcement of the statute, but that it is essential to its enforcement, as we stated in substance in *Cochran's Case, ante,* p. 801, 94 S. E. 329, on the same question now under consideration, which arose in that case in connection with section 40 of said act. Our conclusion, therefore, is that section 39, aforesaid, is not amenable to the constitutional objection indicated in the question now under consideration.

3. Is the indictment in the instant case insufficient because of its lack of allegation that the liquor in question was brought into this State or transported from one point to another within this State *"for sale?"*

Section 39 of the statute, under which, as above stated, we are of opinion that the indictment was found, does not provide that the liquor in question must be brought into the State "for sale," or transported from one point to another within the State "for sale," in order to create either of such offenses. Hence, the qualification of the acts in question that they must be "for sale" is not an essential ingredient of such statutory offenses, or of either of them. Therefore, under the rule on the subject, above referred to, we are of

opinion that the indictment was not insufficient because of its lack of the allegation which is the subject of the question under consideration.

This brings us to the consideration of the sole remaining question in the case which is—

4. Was it error for the trial court to refuse, as it did, to give instruction 5, asked for by the accused?

That instruction was as follows:

"Instruction No. 5. The jury are instructed that when two persons had the same opportunity to commit the offense, and if upon the whole evidence in the case there remains a reasonable doubt as to which of the two committed it, neither of the two can be convicted."

It appears from the record that there was evidence in the case which tended to show that the accused did not bring the liquor in question into this State or transport it from one point to another within the State; but that another person, not indicted and absent from the State at the time of the trial, brought the liquor into this State. Such being the evidence, we are of opinion that the accused was entitled to have the instruction in question given, submitting the case to the jury upon the law applicable to the theory of the defense that, as shown by the evidence, another person aforesaid committed the offense of bringing the liquor into this State. The instruction correctly propounded the law in such case, to the effect that if upon the whole evidence in the case there remained a reasonable doubt as to which of the two, the accused or another person aforesaid, committed the offense, the accused could not be convicted.

It does not seem to be contended on the part of the Commonwealth that this conclusion is not correct, but the position is taken that, as the other person in question was absent from the State and not jointly indicted with the accused, the instruction as drawn and offered had no appli-

cation to the instant case, there being no possibility of the conviction of such other person in the trial then being had. We cannot think, however, that these considerations affect the fitness of the instruction as asked.  It seems to us that the concluding portion of the instruction as drawn and asked was especially pertinent to the facts of the instant case; was unmistakable in its meaning; and was the same in effect as if it had concluded, "the accused cannot be convicted," in lieu of the language, "neither of the two can be convicted."

The refusal to give this instruction appears from the evidence to have been prejudicial to the accused, and hence was reversible error.  If, therefore, upon another trial the evidence on the subject under consideration shall be to the same effect as on the trial which has been had, instruction 5, or substantially such an instruction, should be given.

For the reasons above stated, the case must be reversed because of the refusal of the trial court to give the instruction mentioned.

*Reversed.*