STATE v. HABEL *ET AL.*

(132 S. E., 838)

1. CRIMINAL LAW—EVIDENCE OF POURING OF LIQUOR FROM CAR BY DEFENDANTS WHILE FLEEING FROM OFFICERS HELD SUFFICIENTLY TO SHOW INDIVIDUAL GUILT.—Evidence tending to show that defendants, apparently under influence of liquor, had liquor in car, and while fleeing from officers poured it from vessels containing it and threw empty demijohn from car, *held* sufficient to show individual guilt of defendants, though there was no evidence to identify their individual acts.

2. CRIMINAL LAW—QUESTION OF DEFENDANTS' INDIVIDUAL GUILT HELD SUFFICIENTLY SUBMITTED AND GENERAL VERDICT IN JOINT PROSECUTION FOR VIOLATIONS OF LIQUOR LAWS WAS NOT DEFECTIVE.—In joint prosecution of four defendants for accepting, receiving, and transporting alcoholic liquors, instruction *held* sufficiently to submit question of individual guilt, and a general verdict of "guilty" was not defective.

Before MAULDIN, J., Spartanburg, October, 1923.   Affirmed.

Lester F. Habel and others were convicted of accepting, receiving and transporting alcoholic liquors and the named defendant and another appeal.

*Mr. Robert F. Gantt,* for appellant, cites: *Trial to be conducted to protect innocent:* 16 C. J., 806. *Every defendant entitled to fair trial:* 131 S. E., 603. *Joinder of defendants in indictment permitted:* Code Crim. Pro. 1922, Sec. 89; 49 S. C., 484; 27 S. E., 658. *Court may grant separate trials; discretionary:* 77 S. C., 236; 57 S. E., 859; 49 S. C., 410; 27 S. E., 424; 18 S. C. L., 66; 23 Am. Dec., 117. *Court should instruct jury to pass on several counts separately:* 54 S. C., 178; 32 S. E., 146. *Admissibility of evidence against one of several joint defendants:* 16 C. J., 787; 164 N. C., 667; 79 S. E., 419. *Accused must be guilty beyond reasonable doubt:* 84 S. C., 503; 66 S. E., 877; 72 S. C., 223; 51 S. E., 702. *Identification of accused:* 109 N. C., 878; 13 S. E., 726; 16 C. J., 774. *Uncertainty as to which of two parties committed crime requires acquittal:* 94 S. E., 923; 28 L. R. A., 162; 16 C. J., 774. *Who is accomplice:* 16 C. J., 132, 137, 673 and 675. *Acts and declarations of conspirator admissible against co-conspirator only after proof of conspiracy:* 34 S. C. L., 517; 35 S. C. L., 226; 16 C. J., 647. *How conspiracy proved:* 16 C. J., 651. *Circumstantial evidence:* 95 S. C., 387; 79 S. E., 106; 40 S. C., 363; 18 S. E., 1921; 38 S. C., 348; 17 S. E., 37; 16 C. J., 763. *Charge to jury:* 106 S. C., 150; 90 S. E., 596; 105 S. E., 55; 9 S. E., 394; 79 S. C., 179; 60 S. E., 669; 75 S. C., 477; 55 S. E., 893; 68 S. C., 276; 47 S. E., 389; 28 S. C., 572; 6 S. E., 820; 16 C. J., 983. *Contradictory instructions:* 85 S. C., 265; 67 S. E., 453; 17 C. J., 343. *Court cannot conjecture regarding grounds of verdict:* 105 Ga., 516; 31 S. E., 448. *Court cannot draw inferences contradictory to the record:* 52 S. C., 505. *Verdict should be plain:* 16 C. J., 1101 and 1301. *Verdict of "guilty" invalid:* 5 Tex. App., 569; 84 Me., 566; 24 A., 938. *Separate verdict should be rendered against each defendant:* 65 S. C., 242; 43 S. E., 671; 54 Ga., 249; 10 S. C. L., 13. *Verdict assessing joint fine on defendants improper:* 21 S. C. L., 67; 2 Rich., 672; 37 Ark., 37. *Verdict may be*

*corrected in term time:* 3 Brev., 142. *Grounds for new trial:* 103 S. C., 88; 73 S. C., 340; 53 S. E., 981; 25 S. C. L., 75; 22 S. C. L., 30; 16 C. J., 1122. *Motion for new trial for error of law reviewable:* 85 S. C., 229; 67 S. E., 237; 80 S. C., 376; 61 S. E., 896; 79 S. C., 63; 60 S. E., 237. *Case in point:* 123 S. C., 486.

*Mr. I. C. Blackwood, Solicitor,* for the respondent.

April 30, 1926.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE R. O. PURDY.

For the purpose of considering and disposing of the case, we adopt the statement made by the attorney for the appellants in his argument (it will be noted that, while the indictment was against four persons, only two of them, Habel and Tinsley, are appealing):

"The appellants, Lester F. Habel and Joe F. Tinsley, together with W. L. Staggs and Dean Lanford, were jointly indicted and tried upon a joint indictment charging them (1) with accepting and receiving alcoholic liquors; and (2) transporting alcoholic liquors. Brief, p. 16, par. 62.

"The evidence substantially showed: That on July 23, 1923, the rural policemen, while traveling in an automobile upon the public road, met the four defendants, in an automobile, traveling in an opposite direction. The officers turned around in the road and trailed them, and the defendants' car speeded up, and a substance that smelled like whisky was poured out of the car, and an empty demijohn, that smelled like it might have contained wine or some other unidentified substance, was thrown from the moving van in the flight. The officers finally drove in front of the defendants' car, and the car stopped, and a glass jug with the odor of whisky was found in the car. It further appeared that the defendants were seen getting in the car together in the city of Spartanburg. The defendants denied that there was any whisky in the car."

Continuing the statement, counsel for appellant says:

"There is an absolute failure of evidence to identify the individual acts of the defendants. The evidence shows only: 'They began to pour something out; they threw out another jug; they had a gallon jug in the car; they were drinking; they threw out the jug.' Throughout the testimony only a joint act is proven."

Complaining of the charge to the jury, counsel for appellants contends that it was applicable only to the defendants collectively and that there was never any separation of the individuals so as to have the case considered as an individual charge against each; and that the jury, following the evidence and the charge of the Court, fell into the same error of law and facts and returned the following verdict, viz.: "Guilty." A motion was made for a new trial, which was refused, and appellants' counsel has grouped the grounds as:

"(1) The verdict was irregular, and (2) contrary to the evidence and not supported by same."

Counsel says the exceptions, while numerous, raise three issues of law:

"First, to the errors of law in the Court's charge; second, to the defect and irregularity of the verdict, which is fatally and totally defective, in that it is vague, uncertain, indefinite, and assesses a joint guilt only against the defendants; third, that there is an absolute failure of proof to establish the individual guilt of the defendants."

Appellants' counsel takes the positions:

"That the identity of the person committing the crime must be established beyond a reasonable doubt. 16 C. J., 774. That if it be positively proven that one or more persons committed the act, yet if it is uncertain which is the guilty party, all must be acquitted. 16 C. J., 774. Where two persons had the same opportunity of committing an offense and there is reasonable doubt as to which committed it, neither must be convicted. *Burton v. Commonwealth,*

94 S. E., 923; 122 Va., 847. The presumption of innocence to one on trial for a crime is one of fact and of law, and no person can be convicted, even under a joint information, without proof of his individual guilt. *High v. State,* 101 P., 115; 2 Okl. Cr., 161; 28 L. R. A. (N. S.), 162. One who is present when a crime is committed, but takes no part therein, is not an accomplice. 16 C. J., 673. The mere fact that one has knowledge which he does not disclose does not render him an accomplice. 16 C. J., 675."

The judgment based upon the verdict can be sustained without doing violence to any of the foregoing principles.

Counsel for appellants reiterates with great earnestness that the trial Judge, in his charge to the jury, made the liability of the defendants, under a joint indictment a *joint liability,* and not a *separate liability,* as required by law. We have taken the concise statement of counsel for appellants, without attempting to go at length into the testimony. It is appropriate, however, to add that it appears that the defendants had liquor in the car in which they were riding and that the officers saw them pouring it from the vessels which contained it, and the testimony tends to show that the defendants were apparently under the influence of liquor. The defendants offered testimony in explanation of their conduct, stating that they were out hunting whisky, but they did not get it.

The jury did not accept their version, and convicted them; and the only question therefore left open for us to consider is whether, although tried jointly, his Honor submitted the case to the jury as to each one of them, so that a general conviction can be sustained.

The answer to this question is found in the record. His Honor charged the jury as follows:

"If upon the consideration of the evidence in all the case, there arises in your mind a doubt that would cause you to hesitate to say that the defendants are guilty, that is such a reasonable doubt as is contemplated in the law when

the law says that, in order to convict, the jury must be satis-
fied of guilt beyond a reasonable doubt.  If the state has
made a case against these defendants, or either of them,
upon either or both of these counts in this indictment, which
satisfies you beyond a reasonable doubt of their guilt, your
verdict would be 'guilty.'  Now, it is competent for you to
find these defendants guilty upon both counts, if the evi-
dence in your judgment will sustain such a verdict, and
should that be the event of your consideration, the form of
your verdict will simply be 'guilty,' and you would write the
word 'guilty,' Mr. Foreman, on the back of the indictment,
and sign your name as foreman.  If you should find them
guilty upon one count, and not guilty upon the other count,
say 'guilty' upon the count upon which you find them guilty,
indicating it by number, and not guilty on the other count,
indicating it by number, and sign your name as foreman.
Or, if you find that the state failed to make out her case
beyond a reasonable doubt against the defendants or either
of them, your verdict will be 'not guilty,' and you would
write the words, 'not guilty,' and sign your name as fore-
man.  If you find, Mr. Foreman and gentlemen of the jury,
that some of these defendants are guilty and others not
guilty, indicate by name those you do find guilty, and sign
your name as foreman."

So it will be seen that the jury was not only charged as
to the identity of the charges, but they were charged as to
the identity of the persons to be designated by their verdict;
so that one or more of the defendants could have been con-
victed or acquitted on either count, or they could have been
acquitted or convicted on both counts, and they were so
succinctly and clearly charged.

The verdict of "guilty," under his Honor's charge (which
charge the jury could not have misunderstood), embraced
all of the defendants.  They admitted that they were out in
the pursuance of a common unlawful purpose, and the jury

26—S. C. R.—134.

found that they had accomplished such purpose, and a conviction therefore properly followed.

The judgment appealed from is affirmed.

MESSRS. JUSTICES WATTS, COTHRAN, BLEASE and STABLER concur.

MR. CHIEF JUSTICE GARY did not participate.