THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOSEPH AUGUSTINE, PLAINTIFF IN ERROR.

Argued October 6, 1936—Decided April 17, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the defendant in error, *Erwin E. Marshall,* prosecutor of the Pleas of Mercer county (*Augustine V. Gribbin,* of counsel).

For the plaintiff in error, *Alexander Budson* and *Herman H. Levy* (*Henry M. Hartmann,* of counsel).

For the state as *amicus curiæ, David T. Wilentz,* attorney-general, and *Harry A. Walsh,* assistant attorney-general.

BROGAN, CHIEF JUSTICE. This writ of error brings up for review the conviction of the plaintiff in error, Joseph Augustine, on two indictments, charging violations of the Motor Fuel Tax act, chapter 319, *Pamph. L.* 1935. *N. J. Stat. Annual* 1935, §§ 208B-101 *et seq.* The first indictment charged Augustine with unlawfully failing to make a report

to the state tax commissioner on or before the last business day of November, 1935, of the number of gallons of motor fuel *sold* and *used* in the state during the month of October, 1935, by the plaintiff in error as a distributor, and the second indictment charged him with unlawfully failing to pay the amount of tax due on the motor fuel *sold* and *used* by him as a distributor during the same month.

The case is before us on a strict writ of error, and of the various assignments of error filed three points are presented in support of a reversal of the judgment below—(1) that the indictments are invalid; (2) that the two violations of the statute charged constitute but a single offense; (3) that the provisions of chapter 287 of the laws of 1935 (*N. J. Stat. Annual* 1935, 53-11a) under which the jury was empaneled, is unconstitutional and void.

Under the first point three propositions are advanced which will be considered in the order in which they are presented.

It is first argued that so much of section 301 (*N. J. Stat. Annual* 1935, § 208B-301) of the statute, *supra*, defining distributor, in so far as importers are concerned, represents an excess of legislative power. The argument is that the section does violence to the fourteenth amendment of the federal constitution and the commerce clause thereof.

A distributor is defined in the statute as follows (*N. J. Stat. Annual* 1935, § 208B-103):

" 'Distributor' shall mean and include every person, firm, association or corporation, wherever resident or located, who imports or causes to be imported into this state fuels as herein defined, for use, distribution or sale after the same shall reach this state, whether in the original packages or containers in which it is imported or otherwise; and also any person, firm, association or corporation who produces, refines, manufactures, blends or compounds, or causes to be produced, refined, manufactured, blended, or compounded fuels as herein defined and sells, uses or distributes the same within this state."

If we understand the argument of the plaintiff in error, it means this and only this: Within the definition of the term "distributor" there is included any person, firm or corporation who imports motor fuel into this state for use, dis-

tribution or *sale* after the same shall reach the state, and a second class also, namely, those who manufacture or cause to be produced motor fuels, who sell, use or distribute the same within the state. The argument is that a duty of making a report is imposed by the statute upon those of the first class, namely, importers, who make sale of the motor fuel even though the same is sold to a purchaser *outside of the state,* while that same duty of making a report and paying tax is imposed upon a distributor who manufactures, refines, &c., such fuel in the state only when such distributor sells, uses or distributes the same *within the state.* An examination of the entire statute dispels any idea as to inequality or discrimination between these two classes of distributors.

Turning to article 3 of the statute, sections 301 to 313 (*N. J. Stat. Annual* 1935, §§ 208B-301, 313), inclusive, we find set out, with great particularity, the requirements of the state as to all persons who engage in the motor fuel business as distributors, and this includes importers as well as manufacturers. Such persons must procure a license and post a bond, the amount to be fixed by proper authority; they are required to keep records of all fuel sold or used and it is necessary to make a monthly inventory and on or before the last business day of each month (section 311) distributors are required to render a report to the state tax commissioner, stating the number of gallons of fuel *sold or used in this state* by the distributor during the preceding calendar month; \* \* \* A tax of 3c. per gallon on each gallon so reported shall be paid by each distributor, the payment to accompany the filing of the report. \* \* \* The next section of the statute (312) seems to dispose of the argument of the plaintiff in error charging inequality between the two classes of distributors. It reads as follows: "Neither this act nor any of the provisions hereof shall apply to fuel when exported or sold for exportation from the State of New Jersey to any other state or country, but every distributor shall be required to report such exports and sales to the commissioner \* \* \*." It is readily perceived therefore that this provision exempts the distributor, whether he be classed as an importer or as a manufacturer, from paying a tax upon motor fuels exported

out of the State of New Jersey. It relieves neither class of distributor, however, from reporting such export sale. The power to tax, which is admitted, necessarily includes this essential power of regulation. If we were to analyze the definition of the term "distributor" (section 301, *supra*), separate and apart from the remainder of the statute, there might be ground to support an argument for discrimination, but when read with the balance of the statute, as indeed it must be read, no real discrimination exists. *Steel* v. *Freeholders of Passaic,* 89 *N. J. L.* 609; 99 *Atl. Rep.* 318; *Pondelick* v. *County of Passaic et al.,* 111 *N. J. L.* 187; 168 *Atl. Rep.* 146. This first point is without merit.

The second point made under this heading is that the indictment for failure to pay the tax is insufficient on its face because it does not aver that the motor fuel, upon which it is charged the tax was not paid, was sold within the State of New Jersey. The plaintiff in error may properly raise this question. A motion to quash was duly made before the jury was sworn. *Mead* v. *State,* 53 *N. J. L.* 601.

The indictment is for an offense created by the statute itself (section 1001). *N. J. Stat. Annual* 1935, § 208B-1001. Here the offense in the indictment is charged in the words of the statute. That is usually sufficient. Where the statute specifically sets out what act shall constitute the crime, it is, as a general rule, sufficient in the indictment to charge the defendant with acts coming fully within the statutory description, in the substantial words of the statute, without any further expansion of the matter. 2 *Bish. Cr. Pro.,* § 611; 1 *Id.* 612; *State* v. *Thatcher,* 35 *N. J. L.* 445; *State* v. *Halsted,* 39 *Id.* 402, 410. These cases emphatically enunciate the rule that in indictments for misdemeanor, created by statute, it is sufficient to charge the offense in the words of the statute. But the plaintiff in error argues that the averment that the sale of the motor fuel was made within the state is necessary in order to have a valid indictment. In other words, if the sale was made for export, or for use outside the state, failure to pay tax on the fuel thus sold would be within the excepted class (section 312, *supra*). Such an averment that the sale was made within the state is not necessary to the validity of

the indictment. If, as a matter of fact, the fuel was sold outside of the state, that is a matter of defense. (Compare *Mayer* v. *State*, 63 *N. J. L.* 35; *affirmed,* 64 *Id.* 323; 45 *Atl. Rep.* 624; *State* v. *Price*, 71 *N. J. L.* 249; 58 *Atl. Rep.* 1015; *State* v. *Reilly*, 88 *N. J. L.* 104; 95 *Atl. Rep.* 1005.) The rule is stated by a highly regarded authority on criminal practice and pleading—"but in an indictment on the statute it is not necessary to aver that the defendant is not within the benefit of a proviso in it, even in cases where the statute in its purview especially notices the proviso, as by saying that none shall do the thing prohibited, otherwise than in such special cases as are mentioned in this act, or the like." 1 *Archibold's Crim. Prac. & Pl.* (*7th ed.*) 287.

The case before us is similar in principle to that involved in *Mayer* v. *State, supra,* where the statute regulating the practice of medicine and surgery, &c., was under consideration. *Pamph. L.* 1894, *ch.* CCCVI, *p.* 454; 3 *Comp. Stat., p.* 3329.

The third point argued under this heading is that this same indictment is defective because it fails to set forth a state of facts from which the court can conclude that the defendant failed to pay the tax as herein provided. We are in doubt as to whether or not we understand the argument under this point. It does, however, seem reasonably clear that the statute provides that any person within the purview of the act, who fails "to pay the tax as herein provided," *i. e.,* in accordance with the statutory provision that taxes shall be due and owing the state on all motor fuel sold by a distributor within the State of New Jersey, shall be guilty of a misdemeanor. The indictment, therefore, charging that the plaintiff in error did unlawfully fail to pay the said tax, and stated in the words of the statute, is not defective.

Under the next general heading it is argued that the indictment of the defendant on two separate charges is "equivalent to splitting a single cause of action." As we understand the argument, it is that failure to report plus failure to pay the tax due make out but a single offense. We do not so view the statute. Section 1001, *supra,* provides that "any person * * * failing to pay the tax as herein provided or violat-

ing any of the provisions of article 3 of this act * * *
shall be guilty of a misdemeanor." In other words, the statute
provides particularly that anyone failing to pay tax shall be
guilty of a misdemeanor and also that anyone violating any
of the provisions of article III, *supra*—failure to render a
report is in violation of this article (311)—shall likewise
be guilty of a misdemeanor. They are separate and distinct
requirements. The state charged and proved a violation of
each requirement.

Finally, it is argued that chapter 287, laws of 1935, *supra*,
prescribing procedure for empanelling a jury, is defective and
unconstitutional. The statute has been held constitutional
by our court of last resort. *State* v. *Dolbow et al.,* 117 *N. J.
L.* 560; 189 *Atl. Rep.* 915.

The judgment is affirmed.