## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Jewell et al.

v.

Jerry H. Sills
and Cecil J. Sills, Jr.

February 3, 1988

Case No. (Law) 11515

By JUDGE ALFRED D. SWERSKY

This matter is before the Court on the Demurrers of Defendants Jerry H. Sills and Cecil J. Sills, Jr., to the Motion for Judgment filed against them. The Motion for Judgment seeks to pierce the corporate veil of Charter Moving and Storage Company, Inc., and asks for judgment against these two individuals who are alleged to have been "officers and/or shareholders" of the corporation. In paragraph 10 of the Motion for Judgment, the reasons for piercing the corporate veil are alleged.

In his Demurrer, Jerry Sills argues that there is no allegation of actual or constructive fraud on the part of the defendants, and without such an allegation, no cause of action can be maintained to pierce the corporate veil.

Cecil J. Sills, in his Demurrer, adopts the argument as to the absence of any allegation of fraud and further asserts that there is no allegation that the infirmities in the corporate operation occurred at a specific time nor any allegation as to "how this impacted on the Plaintiffs."

Plaintiffs argue that no allegation of fraud is necessary to pierce the corporate veil; instead, it is

sufficient if the maintenance of the corporate veil would result in fundamental unfairness or "a miscarriage of the legitimate purposes of the corporate form." Plaintiffs urge this Court to adopt the standard enunciated in *DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co.*, 540 F.2d 681 (4th Cir. 1976), as the appropriate standard in Virginia.

For the following reasons, the Demurrers must be sustained.

It is not necessary that there be an allegation of actual fraud to pierce the corporate veil; however, it is not sufficient to simply allege that the corporate form was improperly maintained. In *Beale v. Kappa Alpha Order*, 192 Va. 382 (1951), the Court required that the exercise of the control of the corporate form be done "in such a manner as to defraud and *wrong* the complainant." 192 Va. at 396 (Emphasis added). *See also, Washington & O. D. U. Assn. v. Washington & Old Dom. R.*, 208 Va. 120 (1967).

In *Lewis Trucking Corp. v. Commonwealth*, 207 Va. 23 (1966), the Court, quoting 4 Michie's Jurisprudence, *Corporations*, § 5, stated that the courts could look beyond the corporate entity "although the acts of the parties amount to constructive fraud only, the rule not being limited to cases where they have been guilty of actual fraud and criminal intent." 207 Va. at 32. In *Cheatle v. Rudd's Swimming Pool Supply Co., Inc.*, 234 Va. 207, 212 (1987), the Court held that:

> the plaintiff must show that the corporate entity was the *alter ego*, alias, stooge, or dummy of the individuals sought to be charged personally and that the corporation was a device or sham used to disguise wrongs, obscure fraud or conceal crime.

Thus, there are two prerequisites for piercing the corporate veil. The first is that the corporation be the *alter ego*, alias dummy, or stooge of the individuals sought to be charged. The second is that the corporate entity was a device to promote wrongdoing, fraud or crime. Under the *Lewis Trucking* doctrine, the wrongdoing need

not amount to actual fraud or to the actual commission of a crime.

In this case, there is no allegation of the second prerequisite even if the allegations of paragraph 10 are sufficient to allege the first.

Insofar as *DeWitt Truck* can be read to omit the second prerequisite that the Court finds necessary here, it will not be followed. Nor does the Court find any of the public policy implications here that formed the basis for the holding in *Anderson v. Abbott*, 321 U.S. 349 (1944), and that holding is inapplicable to the facts of this case.