## 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## HUMMER AND COSTELLO V. COMMONWEALTH.

### November 15, 1917.

1. INDICTMENT AND INFORMATION—*Alleging Constituents of Offense—Malice.*—All the constituents of the offense, whether of common law or statutory origin, for which an accused person is tried, must be set out in the indictment. This general principle necessarily applies where malice is an essential ingredient of the offense.

2. INDICTMENT AND INFORMATION—*Alleging Constituents of Offense—Malice—Case at Bar.*—Defendants were indicted upon the charge of having "unlawfully and feloniously" cut and wounded another. The indictments contained no charge of "malicious" cutting. After the prisoners had been arraigned and had each entered a plea of not guilty, the clerk read the indictments to the jury, and, in charging them as to the punishment for the alleged offense, read to them, over the objection of counsel, section 3671 of the Code of 1904. This section provides that if any person *maliciously* cuts or wounds another, with intent to maim, disfigure, disable, or kill, he shall be punished by confinement in the penitentiary not less than one nor more than ten years. But if the act be done unlawfully, but *not maliciously*, with the intent aforesaid, the offender shall, in the discretion of the jury, be confined in the penitentiary not less than one nor more than five years, or be confined in jail not exceeding twelve months, and fined not exceeding five hundred dollars. The court also refused an instruction requested by counsel for defendants that under the indictment defendants could not be found guilty of *maliciously* cutting or stabbing.

   *Held:* That the court erred in permitting the clerk to read to the jury section 3671 without explaining to them that they were not to regard that portion of it which related to the punishment for maliciously doing the acts therein described; and, further, that it was error, in these circumstances, to refuse the instruction requested.

3. APPEAL AND ERROR—*Criminal Law—Harmless Error.*—Where both prisoners were convicted by the jury under instructions

which permitted them to find the prisoners guilty of a higher offense, and one carrying a higher maximum and minimum punishment, than that with which they were charged, the error cannot be said to be harmless, where the jury did not impose the minimum penalty prescribed by the statute for the offense with which they were charged.

Error to a judgment of the Circuit Court of Clarke county.

*Reversed.*

The opinion states the case.

*Marshall McCormick,* for the plaintiffs in error.

*Attorney-General Jno. Garland Pollard, Assistant Attorney-General J. D. Hank, Jr.,* and *Leon M. Bazile,* for the Commonwealth.

KELLY, J., delivered the opinion of the court.

Jeff Hummer and Weita Costello were separately indicted, but, by agreement, jointly tried, upon the charge of having "unlawfully and feloniously" cut and wounded one Henry Bean. The jury returned separate verdicts, finding both defendants guilty, fixing the punishment of Miss Costello at a nominal fine and three months in jail, and that of Hummer at one year in the penitentiary. The circuit court sentenced them accordingly, and the case is here upon a writ of error.

The indictments contained no charge of "malicious" cutting. After the prisoners had been arraigned and had each entered a plea of not guilty, the clerk read the indictments to the jury, and, in charging them as to the punishment for the alleged offense, read to them section 3671 of the Code, which is as follows:

"If any person maliciously shoot, stab, cut, or wound any person, or by any means cause him bodily injury, with

intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be punished by confinement in the penitentiary not less than one nor more than ten years. If such act be done unlawfully, but not maliciously, with the intent aforesaid, the offender shall, in the discretion of the jury, be confined in the penitentiary not less than one nor more than five years, or be confined in jail not exceeding twelve months, and fined not exceeding five hundred dollars."

This section, in its entirety and without qualification, was read to the jury over the objection of counsel for the prisoners, the objection being "that the indictment in both of these cases was only for unlawful cutting and not for malicious cutting, and therefore that the only part of section 3671 which related to these cases was the last clause which declared the punishment for unlawful cutting."

At the conclusion of the testimony on both sides, counsel again sought to have the jury informed that, upon the indictments before them, they could not find the prisoners guilty of malicious cutting, and to this end offered the following instruction, which, however, the court refused:

"The court instructs the jury that under the indictment in this case they cannot find the defendant, Jeff Hummer, or the defendant, Weita Costello, guilty of maliciously cutting or stabbing as described in the indictment for the reason that neither of the defendants are charged with doing the act maliciously."

It is settled and familiar law that all the constituents of the offense, whether of common law or statutory origin, for which an accused person is tried, must be set out in the indictment. Minor's Synopsis Crim. Law, p. 253, and cases cited. This general principle necessarily applies where malice is an essential ingredient of the offense. If citation of authority for this proposition be necessary, see 22 Cyc. 330; *Sarah* v. *State*, 28 Miss. 267, 61 Am. Dec. 544, 550.

It is clear, therefore, that the court erred in permitting the clerk to read to the jury section 3671 without explaining to them that they were not to regard that portion of it which related to the punishment for maliciously doing the acts therein described; and, further, that it was error, in these circumstances, to refuse the instruction set out above.

Nor can we say that the error was harmless. Both prisoners were convicted by the jury under instructions which permitted them to find the prisoners guilty of a higher offense, and one carrying a higher maximum and minimum punishment, than that with which they were charged. The ruling of the court upon the reading of section 3671, was made in the presence of the jury. The refusal of the instruction subsequently offered, and other circumstances appearing in the record, indicate that the court was fixed in the mistaken opinion that there could lawfully be, under these indictments, a conviction for malicious cutting. The atmosphere of the trial was thus necessarily charged with an erroneous view as to the character of the offense and the extent of the punishment. If the jury had imposed the minimum penalty prescribed by the statute for unlawful cutting, then we might well say that the error was harmless; but they did not do this as to either prisoner. It is true that the punishment actually imposed on Miss Costello brought her offense within the class of unlawful, but not malicious, assaults, and that the punishment actually imposed upon Hummer did not reach the maximum which the statute fixes for assaults of that character. Both verdicts might, however, have been legally rendered under an indictment charging malice (*Montgomery's Case*, 98 Va. 840, 843, 36 S. E. 371); and we cannot say that the jury was uninfluenced by the action of the court in permitting them to try the prisoners for malicious cutting instead of confining them to the charge of unlawful cutting

as set out in the indictment. The seriousness of the charge and the range of the punishment may naturally and reasonably be expected to impress, in greater or less degree, the individual judgment and conscience of the jurors, and thus have some material effect upon the composite result of their deliberations as expressed in their verdict. The Commonwealth charged these defendants with an unlawful and felonious, but not with a malicious act. They had an absolute and constitutional right to be tried accordingly.. They did nothing to waive this right, but upon the contrary did all in their power to preserve and enforce it.

The decisions of this court in *Mitchell's Case,* 75 Va. 856, and *Whitlock's Case,* 89 Va. 337, 15 S. E. 893, are invoked on behalf of the Commonwealth, to meet the difficulty in the instant case. In *Mitchell's Case* the clerk's charge was erroneous as to the minimum penalty, but the jury fixed the maximum, and it was very properly held that the accused had not been prejudiced. In *Whitlock's Case* the charge was erroneous as to the maximum penalty, but the verdict was for the minimum, and it was held with equal propriety that the error was harmless. Neither of these cases are applicable here.

The other errors assigned are not likely to arise at the next trial, except in so far as they involve the sufficiency of the evidence to warrant a conviction, and upon this question we express no opinion.

The judgments complained of will be reversed, the verdicts of the jury set aside, and the causes remanded for a new trial to be had not in conflict with the views herein expressed.

*Reversed.*