## Richmond

JEFFERSON HENSON, JR. v. COMMONWEALTH OF VIRGINIA.

June 12, 1967.

Record No. 6487.

Present, All the Justices.

*Edgar K. Wells, Jr.*, for plaintiff in error.

*M. Harris Parker, Assistant Attorney General (Robert Y. Button, Attorney General*, on brief), for defendant in error.

GORDON, J., delivered the opinion of the court.

We have the question whether Henson can now attack his conviction of robbery and 40-year sentence on the ground that the indictment charged only attempted robbery. If so, we must set aside the conviction and sentence because the maximum punishment for attempted robbery is 20 years (Va. Code Ann. § 18.1-16 (Repl. vol. 1960)).

Henson was brought before the Juvenile and Domestic Relations Court of the City of Williamsburg on the following charge, set forth in a petition to that court:

> ". . . that within the said City . . . of Wmsbg. Jefferson Henson, Jr. did, on the 11th day of May, 1965, unlawfully & feloniously on one, Susanne K. Sherman, with a brass candlestick & vaccum [sic] cleaner, with which he, the said Jefferson Henson, Jr. was then and there armed, and also with other actual violence, did make an assault & battery by striking & beating the said Susanne K. Sherman, with intent the moneys, goods, & chattels of her the said Susanne K. Sherman, from the person & against the will of her, the said Susanne K. Sherman, by force & violence, and *did unlawfully, feloniously & violently take, steal, & carry away* against the peace & dignity of the Commonwealth." [Emphasis supplied]

After a hearing the Juvenile Court certified Henson for criminal proceedings in the Circuit Court of the City of Williamsburg and the County of James City. In its certification order the court used

the same words set forth in the petition to describe the crime with which Henson was charged.

Subsequently the grand jury returned this indictment against Henson:

"The Grand Jurors of the Commonwealth of Virginia, in and for the body of the said City and County and now attending the Circuit Court for the said City and County at its October 1965 term, upon their oaths do present that JEFFERSON HENSON, JR., on the 11th day of May, 1965, in the City of Williamsburg, Virginia, in and upon one Susanne K. Sherman, with certain dangerous weapons, to-wit: a brass candlestick holder and a vacuum cleaner, and also with other actual violence, did make an assault, *with intent* the moneys, goods and chattels of her the said Susanne K. Sherman from the person and against the will of her the said Susanne K. Sherman by force and violence, and by assaulting and putting her in bodily fear and danger of her life, *to steal, take and rob*, against the peace and dignity of the Commonwealth." [Emphasis supplied]

It should be noticed that the indictment varied from the petition to the Juvenile Court and the certification order in that the indictment omitted the words "did unlawfully, feloniously & violently take, steal, & carry away". So the indictment charged only attempted robbery. Admittedly, neither the circuit Judge nor prosecuting or defense counsel was aware of the omission of those words in the indictment until after the Judge had found Henson guilty of robbery.

Henson was brought to trial before the Circuit Court on the indictment already mentioned, and also on indictments charging attempted murder and felonious assault. Henson was represented at the trial by the court-appointed counsel who had represented him in the Juvenile Court and who prosecutes this appeal. Before arraignment the court nol-prossed the charge of attempted murder on motion of the attorney for the Commonwealth. Shortly thereafter the court asked Henson: "You understand that you are charged here this morning on two charges, one is of felonious assault and the other is a robbery by force of arms. Do you understand that?" Henson answered: "Yes, sir". The clerk read the indictment we have quoted above, as well as the indictment for felonious assault. Henson pleaded not guilty to each indictment and waived trial by jury.

The Commonwealth introduced evidence to prove that Mrs. Sherman was assaulted in her home in Williamsburg on the afternoon of May 11, 1965, struck with a candlestick holder and vacuum

cleaner, and left unconscious with critical brain damage. A witness saw Henson, dressed in an army fatigue uniform, near Mrs. Sherman's home on that afternoon. A fatigue cap was found in the home shortly after the assault. An FBI agent identified fingerprints on a glass in the home as being Henson's fingerprints. In a signed statement admitted in evidence, Henson confessed he had beaten Mrs. Sherman and had taken about $60 out of a billfold in her pocketbook. Henson's counsel introduced no evidence.

After hearing argument the court announced its verdict: "Mr. Hansen, you may stand up.—The Court finds you guilty of robbery by striking and beating as charged in the indictment."

The court dismissed the charge of felonious assault as a lesser offense included in the charge of robbery. It deferred sentencing Henson for robbery until November 4, 1965, so that the court might receive and consider the probation officer's report. The court then overruled the motion of Henson's counsel to set aside the verdict,[1] and continued the case until November 4.

The court held a hearing on the probation officer's report, apparently on November 4, and the fixing of the sentence was continued until November 17. At the beginning of the hearing on November 17, the court reminded Henson's counsel that at about the time of the hearing on the probation officer's report "we learned that the indictment failed to state that he did in fact take the money". (The record does not disclose who discovered the defect in the indictment.) The court then asked Henson's counsel: "Now that you have had an opportunity to look into the matter, what action do you wish to take?" Henson's counsel answered: "I'm taking . . . no action. It was pointed out to the Court that the verdict rendered was inconsistent with the indictment."

In the colloquy that followed, the court referred to the fact that it had advised Henson before arraignment that he was charged with robbery. The court indicated that if Henson's counsel would renew his former motion to set aside the verdict, assigning as reason therefor the variance between the indictment and verdict, it would consider setting the verdict aside; but that the court would not set the verdict aside on its own motion. Nevertheless Henson's counsel advised the court "We'll let the record stand".

---

1 Counsel was not then aware of the variance between the indictment and the verdict. The record shows that the court understood the motion was made on the ground that the Commonwealth had failed to prove Henson committed robbery. Because the evidence amply supported a conviction of robbery, the trial court properly overruled the motion.

The court undertook to advise Henson about the variance between the indictment and the verdict. In the course of its remarks, the court said to Henson:

"Now, I want you to understand, sir, that your attorney is doing something that is somewhat unusual and I think I see his reason for doing it—it's a matter, as I say, basically trial tactics. I can't expect you to judge whether the tactics are good or bad because I myself am unable to judge whether they are good or bad but I want you to understand this has been done and I give you now the opportunity, sir, if you wish that I will appoint some other lawyer with whom you may confer. Mr. Hensen, do you wish me to appoint any other lawyer or are you satisfied with the —with the trial tactics which have been adopted by your Court appointed counsel."

Henson replied "I'm satisfied with Mr. Wells".

The court then asked Henson again whether he understood "the motion was not made to set aside the finding you guilty of robbery although the indictment failed . . . to so charge . . ." Henson replied: "Sir, I don't understand what you are talking about. I ain't been up here, you know, before. I mean—this is—this is the first time I ever been up in—and I don't really understand."

The court then told Henson in effect that he could not be expected to understand legal technicalities, but the court was asking him whether he understood "[t]hat the indictment upon which you were arraigned and upon which you were tried did not state that you did in fact take the money. . ."; but "that you have been convicted of robbery which implies that you did take the money". Henson answered: "Yes, sir".

The court then found Henson "guilty of robbery by striking and beating" and sentenced him to 40 years in the penitentiary. Henson's counsel made no further motion in the trial court.

In his petition for appeal, counsel asked us to remand the case to the Circuit Court "for verdict and sentence consistent with the crime as charged in the indictment". At oral argument, he asked us in the alternative (if we refuse the prayer of the petition), to remand the case for a new trial on the indictment.

[1] Henson cannot successfully contend that the conviction order from which he appeals is void; nor can he successfully contend that he was denied any constitutional right at his trial. In *Cunningham* v. *Hayes*, 204 Va. 851, 134 S.E.2d 271 (1964), we held that a convic-

tion of a higher crime than charged in an indictment was not void, but only voidable. We held also that the requirement for indictment was not constitutional, but only statutory (Va. Code Ann. § 19.1-162 (Repl. vol. 1960)).

[2] Hayes was indicted for manslaughter and convicted of murder. As we noted in the opinion, however, "the court, the attorney for the Commonwealth, Hayes and his counsel understood that the trial was for murder". Hayes was therefore apprised of "the cause and nature of his accusation" in keeping with the guarantee of Article I, § 8, of the Constitution of Virginia. In this case, Henson was advised that he was being tried for robbery, and all persons involved in the trial proceeded on the assumption he was being tried for robbery—the crime of which he was accused in the Juvenile Court.

*Cunningham* v. *Hayes, supra,* came to us on appeal from the granting of a petition for a writ of habeas corpus, not a direct appeal from a conviction order. Although we held that the conviction order could not be collaterally attacked on the ground of variance between the indictment and conviction, we pointed out that an attack could be made by direct appeal. So we must now determine whether under the circumstances of this case, Henson's conviction order can be successfully attacked on this appeal.

[3] When we pointed out in *Hayes* that a conviction could be attacked on a direct appeal because of variance between indictment and verdict, we had in mind an appeal to correct an error made by the trial court. In this case the trial court committed no error. The court invited Henson's counsel to make a motion to set aside the verdict because of variance from the indictment, but counsel refused to make the motion. The court made no erroneous ruling; it had no motion to rule on.

Our Rule 1:8 provides that we will not consider an objection to a judgment of a trial court unless the record shows that the grounds for the objection were stated to the court with reasonable certainty.[2]

---

2 "Rule 1:8. Objections in Trial Courts—Effect of Failure to State Grounds . . .
"In civil and criminal cases, all objections to writs of every kind, pleadings, instructions, notices, the admissibility of evidence, or other matters requiring a ruling or judgment of the trial court, shall state with reasonable certainty the ground of objection, and unless it appears from the record to have been so stated, such objections will not be considered by this Court except for good cause shown, or to enable this Court to attain the ends of justice.
"'* * *'" Va. Code Ann., Vol. II, p. 565 (Repl. vol. 1957).
The contemporaneous-objection requirement of this Rule encourages the pointing out of alleged error to the trial judge so that he may take corrective action. It

Counsel made no objection to the court's sentencing Henson in accordance with the verdict. Therefore we cannot now consider Henson's objection to the conviction order.[3]

[4] No good cause has been shown why we should apply an exception to the requirement of Rule 1:8. (See footnote 2.) It is not necessary here that we consider the objection to attain the ends of justice. Henson had a fair trial on the charge against him, which all concerned thought was a charge of robbery. The ends of justice would not be promoted by setting aside the verdict because of defect in the indictment.

When Henson's counsel learned of the variance between the indictment and the verdict, he was confronted with the necessity of deciding whether better trial tactics called for a motion to set aside the verdict or a refusal to make such motion. He decided not to make the motion. We find no reason to criticize his tactical decision adversely. Counsel hoped that this Court could be persuaded to set aside the conviction and remand the case with direction to find Henson guilty of attempted robbery and to fix his sentence at not more than 20 years in the penitentiary. See *Crutchfield v. Commonwealth*, 187 Va. 291, 46 S.E.2d 340 (1948), a case we will discuss later.

[5] Counsel no doubt was aware of the possibility that if the trial court should set aside its verdict, the Commonwealth would seek a new indictment charging Henson with robbery. Counsel could not be certain that putting Henson to trial on the new indictment would contravene the double jeopardy prohibition of the United States or Virginia Constitution. The Supreme Court of the United States held in *Palko v. Connecticut*, 302 U.S. 319, 58 S.Ct. 149, 82 L.ed. 288 (1937), that the double jeopardy prohibition contained in the Fifth Amendment of the United States Constitution was not applicable to state proceedings. The Supreme Court has not yet overruled *Palko*. We have not decided whether the double jeopardy prohibition contained in Article I, § 8, of the Virginia Constitution would have pre-

---

thus serves "a legitimate state interest * * * in avoiding delay and waste of time in the disposition of the case". See *Henry v. Mississippi*, 379 U.S. 443, 448-449, 85 S.Ct. 564, 567-568, 13 L.ed.2d 408, 413 (1965).

3 Va. Code Ann. § 19.1-165 (Repl. vol. 1960), which is cited in the Commonwealth's brief, provides: "Judgment in any criminal case shall not be arrested or reversed upon any exception or objection made after a verdict to the indictment or other accusation, unless it be so defective as to be in violation of the Constitution." Having determined that we cannot consider Henson's objection because of non-compliance with our Rule, we need not invoke Code § 19.1-165.

cluded Henson's retrial on a new indictment charging robbery. With the uncertainty whether Henson could be retried for robbery, a capital offense, counsel decided to "let the record stand" and to interpose no objection to the sentencing of Henson on the verdict.

The court offered to appoint another attorney and to permit Henson to confer with him about the decision. Henson, however, expressed his satisfaction with Mr. Wells.

[6] Counsel argues that Henson did not have sufficient intelligence to understand the inconsistency between the indictment and the verdict. He points out that in the psychological report made by the Superintendent of Southwestern State Hospital, the seventeen-year old Henson was diagnosed as "Sociopathic Personality, Antisocial reaction and *Mental Deficiency, mild*". [Emphasis supplied] But even if Henson had more than average intelligence, he could not have been expected to decide what trial tactics should be employed when question arose about what crime the indictment charged. Such a decision must necessarily be made by trial counsel.

Considering the brutality accompanying the crime, one might properly conclude that counsel's trial tactics were vindicated by the 40-year sentence imposed by the court. Be that as it may, counsel exercised the discretion vested in him, and his decision on this question of trial tactics is binding on Henson. See *Henry* v. *Mississippi*, 379 U.S. 443, 451-452, 85 S.Ct. 564, 569, 13 L.ed. 2d 408, 414-415 (1965).

In argument before us Henson's counsel relied on *Crutchfield* v. *Commonwealth, supra*, 187 Va. 291, 46 S.E.2d 340 (1948). Crutchfield had been indicted for felonious assault, a felony, but he was allowed to plead guilty to unlawful assault, a misdemeanor. The trial court sentenced Crutchfield to three years in the penitentiary. After serving part of this sentence he obtained a writ of habeas corpus adjudging the three-year sentence a nullity because it was in excess of the punishment that could be imposed for a misdemeanor. The court that had originally tried Crutchfield then tried him again on the original felony indictment. Crutchfield pleaded not guilty, but he was found guilty by a jury and sentenced to four years in the penitentiary.

We pointed out that "[b]y reason of acceptance of the defendant's plea [guilty of unlawful assault], he could have been found guilty of no greater offense than unlawful assault, a misdemeanor", so his retrial on the felony indictment was barred. We reversed and remanded

the case to the trial court for imposition of a proper sentence on Crutchfield's plea of guilty to the misdemeanor of unlawful assault.

The *Crutchfield* case does not support Henson's position on this appeal. In the first place, Crutchfield's counsel filed a plea of double jeopardy at the second trial. Here Henson's counsel made no motion on the ground that the indictment charged only attempted robbery.

The *Crutchfield* case differs from this case in another respect. The court there erred in imposing a felony sentence on Crutchfield after finding him guilty of a misdemeanor. In this case the court found Henson guilty of robbery and imposed a proper sentence for that crime. We remanded the *Crutchfield* case for the imposition of a sentence consistent with the verdict. Here, Henson asks us to direct a verdict, to remand his case with direction that the trial court change its verdict from guilty of robbery to guilty of attempted robbery.

We find no error in the conviction order entered by the Circuit Court of the City of Williamsburg and County of James City.

*Affirmed.*