COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and Frank
Argued at Richmond, Virginia


AARON MARDIE LEGETTE

                                                OPINION BY
v.   Record No. 1893-99-2              JUDGE ROBERT P. FRANK
                                            AUGUST 15, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     James B. Wilkinson, Judge

            Gregory W. Franklin, Assistant Public
            Defender (Office of the Public Defender, on
            brief), for appellant.

            John H. McLees, Jr., Senior Assistant
            Attorney General (Mark L. Earley, Attorney
            General, on brief), for appellee.


     Aaron Mardie Legette (appellant) appeals his conviction of

malicious wounding.  On appeal, he contends the trial court

erred in convicting him and sentencing him for malicious

wounding because he was indicted for unlawful wounding.  We

agree and remand for re-sentencing.

                     I.  PROCEDURAL HISTORY

     Appellant was indicted on May 13, 1999, for unlawful

wounding.[1]  At trial, appellant was arraigned on the unlawful

_____

     [1] "The grand jury charges that on or about February 28,
1999, in the City of Richmond, Aaron Mardie Legette did
feloniously and unlawfully shoot, stab, cut or wound, or cause
bodily injury to Vincent Hunter, with intent to maim, disfigure,
disable or kill."  The indictment made no mention of "malice,"

wounding charge.  The trial court recited the language of the indictment but did not use the phrase "unlawful wounding."  The trial court did not advise appellant of the penalty for the offense.[2]

Appellant pled not guilty to unlawful wounding, and, at the conclusion of the case, the trial court found appellant guilty of malicious wounding.  The conviction order, however, found appellant guilty as charged in the indictment, which was unlawful wounding.  Subsequently, appellant was sentenced to six years in the penitentiary with four years suspended.  At no time did appellant's counsel object to the finding of guilt for malicious wounding or to the sentencing for malicious wounding.  In fact, appellant's counsel acknowledged at the sentencing hearing that appellant had been convicted of malicious wounding.  Additionally, at a pretrial motion for a bond reduction, appellant stated that he had been indicted for malicious wounding.

---

which is required for conviction of malicious wounding under Code § 18.2-51.

[2] Malicious wounding is a Class 3 felony with a penalty range of five to twenty years incarceration, while unlawful wounding is a Class 6 felony with a penalty range of one year to five years or up to twelve months incarceration.

## II.  PROCEDURAL DEFAULT

Appellant made no contemporaneous objection to the conviction, the trial court's orders, or the sentence. Appellant never complained to the trial court that the indictment was insufficient to sustain a conviction or sentence for malicious wounding.  The Commonwealth maintains that appellant's argument is barred by Rule 5A:18 and that the "ends of justice" exception does not apply because there has been no miscarriage of justice.  The Commonwealth argues, and appellant's counsel conceded at oral argument, that appellant, his counsel, the Commonwealth, and the trial court all understood appellant was on trial for malicious wounding, not unlawful wounding.

In appellant's motion to strike the evidence at the conclusion of the Commonwealth's case and in his closing argument to the trial court, he only raised the issue of whether he was the perpetrator of the offense.  He did not raise the issues of whether malice was involved or whether he was reasonably provoked.  Further, appellant does not contend that he was unprepared to defend the charge of malicious wounding or that he was unaware of the prosecution for malicious wounding.

Appellant concedes he did not object to the trial court's rulings at trial but maintains the "ends of justice" and "good cause shown" exceptions in Rule 5A:18 apply.  We will focus on the "ends of justice" exception.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (citing Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991)). However, Rule 5A:18 provides for consideration of a ruling by the trial court that was not objected to at trial "to enable the Court of Appeals to attain the ends of justice." "'The ends of justice exception is narrow and is to be used sparingly'" when an error at trial is "'clear, substantial and material.'" Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10-11 (1989)). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Id. at 221, 487 S.E.2d at 272 (citing Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)).

In Brown, 8 Va. App. at 129, 380 S.E.2d at 9, the trial court convicted appellant of burglary of a Fairfax dwelling, yet the trial court mistakenly sentenced appellant for a burglary other than the one for which he was convicted.

> In our judgment, prejudice or manifest injustice results when a person is sentenced for a crime other than that for which he was convicted. The error in this case is so contrary to fundamental notions of justice that to permit it to pass uncorrected would seriously undermine the integrity of our

> judicial system. The ends of justice
> exception permits redress in those limited
> instances of obvious injustice.

Id. at 132-33, 380 S.E.2d at 11.

In this case, we find manifest injustice because appellant was sentenced for a Class 3 felony, rather than a Class 6 felony. As earlier indicated, appellant had been arraigned on a charge of unlawful wounding, pled to a charge of unlawful wounding, and was found guilty of unlawful wounding. While the trial court used the words "malicious wounding" in the pronouncement of guilt, the conviction order convicted appellant of unlawful wounding. A court speaks through its orders. See Wagner v. Shird, 257 Va. 584, 588, 514 S.E.2d 613, 615 (1999) (citing Davis v. Mullins, 251 Va. 141, 148, 466 S.E.2d 90, 94 (1996)). We find that the trial court's error was "clear, substantial and material." We, therefore, apply the "ends of justice" exception.

### III. ANALYSIS

Appellant asserts that the trial court erred in convicting him and sentencing him for malicious wounding when he was indicted and arraigned for unlawful wounding.

The Commonwealth relies on Cunningham v. Hayes, 204 Va. 851, 134 S.E.2d 271 (1964), a habeas corpus decision, to support its position. In Hayes, the habeas corpus petitioner filed his petition in the trial court to attack his conviction and sentence for murder on the ground that his indictment had been

sufficient to charge only manslaughter.  See id. at 852, 134 S.E.2d at 272.  The Supreme Court noted that the Constitution of Virginia guarantees the right of a defendant to demand "'the cause and nature of his accusation,'" but a defendant who does not exercise the right is deemed to have waived it.  Id. at 855, 134 S.E.2d at 274 (quoting Pine v. Commonwealth, 121 Va. 812, 834-35, 93 S.E. 652, 661 (1917)).  "'[The Constitution of Virginia] does not require that [the notice] shall be by indictment or any other prescribed manner.'"  Id.

The Court held the petitioner had notice because he understood before and during the trial that he was on trial for murder.  See id. at 857, 134 S.E.2d at 276.  Observing that the statutory requirement for an indictment can be waived, the Court held that the indictment was not a jurisdictional requirement for a conviction or sentence.  See id. at 855, 134 S.E.2d at 274 (citation omitted).  Consequently, the Court found that habeas corpus relief, which only is available for jurisdictional defects, did not lie.  See id. at 859, 134 S.E.2d at 277.  The Court held that non-jurisdictional defects, such as voidable judgments like the one of which the petitioner complained, must be raised on direct appeal.  See id.  Therefore, Hayes does not stand for the proposition that a conviction of a higher offense is proper.

The Commonwealth further relies on Henson v. Commonwealth, 208 Va. 120, 155 S.E.2d 346 (1967).  There, a defendant was

tried on an indictment, which was thought to charge robbery, but, by oversight, only charged attempted robbery.  See id. at 121, 155 S.E.2d at 346-47.  The defendant was found guilty by the trial court of robbery.  See id.  Prior to sentencing, the trial court realized the error and invited defense counsel to move to set aside the verdict because of the variance.  See id. at 123, 155 S.E.2d at 348.  Counsel chose not to do so.  See id. Instead, defense counsel did not complain of the error until the direct appeal, which requested that the case be remanded for sentencing for attempted robbery or, in the alternative, for a new trial on the indictment.  See id. at 124, 155 S.E.2d at 349.

The Supreme Court affirmed the conviction and sentence for robbery, holding that they were neither void nor unconstitutional.  See id. at 124, 155 S.E.2d at 349. Expounding upon its holding in Hayes, the Court held that such a claim must not only be raised on direct appeal, but, to be properly cognizable on direct appeal, it must be raised by objection in the trial court at the time of the ruling with the grounds for the objection stated with reasonable certainty.  See id. at 125-26, 155 S.E.2d at 349-50.  The defendant had not done so.  See id.

Significantly, the Court opined,

> [w]hen we pointed out in Hayes that a
> conviction could be attacked on a direct
> appeal because of variance between
> indictment and verdict, we had in mind an
> appeal to correct an error made by the trial

> court. In this case the trial court committed no error. The court invited Henson's counsel to make a motion to set aside the verdict because of various [sic] from the indictment, but counsel refused to make the motion. The court made no erroneous ruling; it had no motion to rule on.

Id. at 125, 155 S.E.2d at 349.

The Court then undertook a "good cause" analysis. It refused to apply the "good cause" or "ends of justice" exceptions because the defendant, having clearly understood he was on trial for robbery, had received a fair trial and no miscarriage of justice was shown. See id. at 126, 155 S.E.2d at 350. In essence, the Court refused to set aside the verdict on appeal when the defendant, for trial tactics, refused the invitation of the trial court to make that motion during trial.

Henson does not control here. Unlike Henson, the error in this case was not revealed during the trial. Appellant did not refuse an opportunity to correct the defect.

In Hummer v. Commonwealth, 122 Va. 826, 94 S.E. 157 (1917), the Supreme Court recognized the error of a defendant being convicted of a "higher offense." The defendant was indicted and arraigned for unlawful wounding. See id. at 827, 94 S.E. at 157. When the clerk read the indictments to the jury, the trial court permitted the clerk to read the section of the Code which included the definition of malicious wounding. See id. at 827-28, 94 S.E. at 157-58. The trial court refused an

instruction stating that the defendant could not be convicted of malicious wounding. See id. at 828, 94 S.E. at 158. The Supreme Court opined that the error was not harmless. See id. at 829, 94 S.E. at 158. "Both prisoners were convicted by the jury under instructions which permitted them to find the prisoners guilty of a higher offense, and one carrying a higher maximum and minimum punishment, than that with which they were charged." Id.

In this case, appellant failed to timely object to the conviction of malicious wounding and there was a common misunderstanding of all involved as to the offense charged, but we cannot escape the reality that appellant was sentenced for a higher offense than that with which he was charged. He was indicted for unlawful wounding, pled not guilty to unlawful wounding, and was found guilty of unlawful wounding. However, appellant was sentenced for malicious wounding. We cannot say the written conviction order was a clerical error because the indictment and arraignment belie the trial court's mention of malicious wounding in its oral statement finding appellant guilty.[3]

---

[3] The Attorney General filed a motion to correct a clerical error in the court's conviction order, which found appellant guilty of unlawful wounding. For the reasons stated in this opinion, we deny the Commonwealth's motion.

We, therefore, reverse appellant's sentencing for malicious wounding and remand for sentencing for unlawful wounding.

<u>Reversed and remanded.</u>