COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Frank and Clements
Argued by teleconference


WILLIAM A. DERRICK

MEMORANDUM OPINION[*] BY
v.    Record No. 2295-00-1     JUDGE ROBERT P. FRANK
JUNE 26, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Edward W. Hanson, Jr., Judge

Ben Pavek, Assistant Public Defender (Office
of the Public Defender, on brief), for
appellant.

Phillip C. Hollowell, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


William A. Derrick (appellant) was convicted by a jury of

driving while intoxicated, third or subsequent offense, a felony

in violation of Code § 18.2-266.[1]  The jury recommended a sentence

of fifteen months.  Upon receiving a pre-sentence report and

hearing argument, the trial court sentenced appellant to fifteen

months in jail with four months suspended, conditioned upon good

behavior for two years, supervised probation and successful

completion of the Diversion Center Program.  On appeal, appellant

contends the trial court abused its discretion in not suspending

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

        [1] Appellant does not appeal the conviction.

the entire period of incarceration.  For the reasons stated herein, we find no abuse of discretion and affirm the sentence.

In this Court's order granting appellant's petition for appeal, a judge of this Court directed the parties to address whether the trial court had the authority to sentence appellant to fifteen months in jail and whether Rule 5A:18 bars review of the issue.

In his brief addressing those issues, appellant conceded the trial court had the authority to sentence a felon to jail. Appellant further stated that appellant would "prefer a local jail sentence from being incarcerated in a state penitentiary."[2] Furthermore, at trial, appellant did not object to the fifteen-month jail sentence.  Indeed, he does not object to it on appeal.

> "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court."  Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (citing Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991)).  However, Rule 5A:18 provides for

---

[2] Code § 18.2-15 states:

> Imprisonment for conviction of a felony shall be by confinement in a state correctional facility, unless in Class 5 and Class 6 felonies the jury or court trying the case without a jury fixes the punishment at confinement in jail.  Imprisonment for conviction of a misdemeanor shall be by confinement in jail.

In this case, appellant was convicted of a Class 6 felony.

-

consideration of a ruling by the trial court that was not objected to at trial "to enable the Court of Appeals to attain the ends of justice." "'The ends of justice exception is narrow and is to be used sparingly'" when an error at trial is "'clear, substantial and material.'" Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10-11 (1989)). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Id. at 221, 487 S.E.2d at 272 (citing Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)).

Legette v. Commonwealth, 33 Va. App. 221, 224, 532 S.E.2d 353, 354 (2000). We see no reason to invoke the "ends of justice" exception and, therefore, do not address this issue on the merits.

We next address appellant's contention that the trial court abused its discretion in not suspending his entire sentence. At sentencing, appellant argued his entire sentence should be suspended because he was accepted into the Diversion Program of the Department of Corrections. After the trial court sentenced appellant to fifteen months with four months suspended, the trial court stated, "This is your last chance. Maybe you've learned something." Appellant's counsel replied, "I certainly hope so judge; and I appreciate the court's discretion."

We find that the trial court did not abuse its discretion in not suspending the entire sentence.

"[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will

-

not be overturned as being an abuse of discretion." <u>Abdo v. Commonwealth</u>, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977) (citing <u>Perry v. Commonwealth</u>, 208 Va. 283, 156 S.E.2d 566 (1967)).

The first clause of Code § 19.2-303 gives broad power to the trial court to determine the conditions of a suspended sentence. Code § 19.2-303.  Sentencing statutes "confer upon trial courts 'wide latitude' and much 'discretion in matters of suspension and probation . . . to provide a remedial tool . . . in the rehabilitation of criminals' and, to that end, 'should be liberally construed.'" <u>Deal v. Commonwealth</u>, 15 Va. App. 157, 160, 421 S.E.2d 897, 899 (1992) (citations omitted).  "Sentencing statutes are to be liberally construed to give the trial court broad discretion." <u>Bazemore v. Commonwealth</u>, 25 Va. App. 466, 468, 489 S.E.2d 254, 255 (1997) (citing <u>Deal</u>, 15 Va. App. at 160, 421 S.E.2d at 899).

The trial court ultimately suspended four months of the fifteen-month sentence fixed by the jury.  The evidence before the trial court was that appellant had been convicted of driving while intoxicated on five prior occasions.  The evidence also revealed that when appellant got out of his vehicle, he was stumbling and had to hold onto the door for support.  His speech was slurred, and his eyes were red and glassy.

At sentencing, appellant testified he was regularly going to Alcoholics Anonymous meetings and attends counseling.  Appellant admitted he had been convicted of driving under the influence in

-

New York and, as a result, was sentenced to one year in jail and attended alcohol rehabilitation programs in New York. Appellant further admitted he had relapsed.

Based on appellant's six driving while intoxicated convictions, the trial court would not have abused its discretion in suspending none of the fifteen-month sentence. Therefore, we hold that requiring appellant to serve eleven months is not an abuse of discretion. Appellant's sentence is, therefore, affirmed.

Affirmed.

Benton, J., concurring and dissenting.

I would affirm the conviction. I would remand for resentencing, however.

The jury convicted William A. Derrick of the Class 6 felony of driving a motor vehicle while under the influence of alcohol after having previously been convicted of the same offense on two or more occasions. See Code §§ 18.2-266 and 18.2-270. "The authorized punishments for . . . Class 6 felonies [are] a term of imprisonment of not less than one year nor more than five years, or in the discretion of the jury or the court trying the case without a jury, confinement in jail for not more than twelve months and a fine of not more than $2,500, either or both." Code § 18.2-10. Consistent with the provisions of this statute, Code § 18.2-15 provides, in pertinent part, that "[i]mprisonment for conviction of a felony shall be by confinement in a state correctional facility, unless in Class 5 and Class 6 felonies the jury or court trying the case without a jury fixes the punishment at confinement in jail."

The jury fixed Derrick's punishment at "a specific term of imprisonment of fifteen months." At the sentencing hearing, the trial judge said he would "sentence [Derrick] -- as recommended by the jury on [the] conviction of driving under the influence third or subsequent offense, . . . to fifteen months of

-

incarceration" and suspend four months on various prescribed conditions. The final conviction order recites, however, that the sentence is "[i]ncarceration in the Jail of this City for the term of . . . 15 months."

Although Derrick acknowledges on brief that he "does prefer a local jail sentence" and the Commonwealth asserts "[t]he trial court did not exceed its authority by sentencing [Derrick] to fifteen months confinement in the city jail," I believe the final order is facially at odds with the trial judge's oral pronouncement of imposing the sentence "as recommended by the jury" and with Code §§ 18.2-10 and 18.2-15. Obviously, if the trial judge wished to sentence Derrick to a term in the city jail, he had the authority to modify the sentence the jury fixed, see Batts v. Commonwealth, 30 Va. App. 15-16, 515 S.E.2d 314-15 (1999), and impose a confinement in the jail for a term not to exceed twelve months. Code § 18.2-10.

Although in other cases we have construed sentencing orders to comply with the law, see Wilson v. Commonwealth, 23 Va. App. 318, 326, 477 S.E.2d 7, 10 (1996), in this case an ambiguity exists. As drafted, the final order represents either a clerical error or "[a] sentence in excess of one proscribed by law . . . [, which] is good insofar as the power of the court extends, and is invalid . . . as to the excess." Deagle v. Commonwealth, 214 Va. 304, 305, 199 S.E.2d 509, 511 (1973). In

-

either event, the conviction order violates the statutory limitation on the amount of time of confinement in jail.

For these reasons, I would remand for resentencing.