COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Humphreys and Clements
Argued at Chesapeake, Virginia

SHERRI L. PATTERSON

MEMORANDUM OPINION[*] BY
v.      Record No. 2090-04-1          JUDGE JEAN HARRISON CLEMENTS
                                        JULY 26, 2005
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles D. Griffith, Jr., Judge

Phillip S. Georges, Assistant Public Defender (Office of the Public
Defender, on briefs), for appellant.

Michael T. Judge, Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


Sherri L. Patterson was convicted in a bench trial of misdemeanor stalking, under Code

§ 18.2-60.3, and required to give a "recognizance to keep the peace" for threatening bodily harm,

under Code § 19.2-20.  On appeal, Patterson contends (1) the trial court abused its discretion by

imposing, as a condition of the suspension of the execution of her sentence on the stalking

conviction, the requirement that she be of uniform good behavior for eighty years and (2) her

"conviction" for threatening bodily harm is void because Code § 19.2-20 is not a criminal offense.

Finding appellate review procedurally barred, we affirm.

As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND

The record on review includes two misdemeanor arrest warrants, two misdemeanor trial orders, and, in lieu of any hearing transcripts, a written statement of facts made a part of the record pursuant to Rule 5A:8.  The record establishes that Patterson was charged in the warrants with stalking Angela Craven, the wife of the father of Patterson's son, between March 15, 2003, and March 23, 2004, in violation of Code § 18.2-60.3, and threatening to kill or injure Craven on March 11, 2004, in violation of Code § 19.2-20.  Following her conviction in general district court, Patterson appealed to the trial court, where a bench trial was held.

At that trial, the Commonwealth's witnesses, Craven and her husband, testified about numerous incidents between March 15, 2003, and March 23, 2004, in which Patterson made hostile contact, by phone and in person, with Craven, including threatening to kill her on more than one occasion.  Testifying on her own behalf, Patterson denied stalking Craven, explaining she had neither the time nor inclination to harass Craven or her family.  In closing argument, Patterson's counsel argued solely that the evidence was insufficient to prove she had stalked or threatened to kill Craven and asked the trial court to find her not guilty.  Patterson's counsel further argued that Patterson "had no reason to engage in [the alleged] behavior" and that she only "wished for her son to have a relationship with his father."

The trial court found the evidence proved Patterson committed the stalking offense and also threatened bodily harm.  With respect to the threatening-bodily-harm offense, the trial court, citing Code § 19.2-20, required Patterson to give a peace bond in the amount of $1,000.  The condition of the bond was that Patterson be of good behavior and have no contact with Craven or her family for one year.  With respect to the stalking conviction, the trial court sentenced Patterson to a fine of $2,500 and twelve months in jail.  The court suspended execution of the fine and jail time upon the condition that Patterson perform one hundred hours of community service, obtain a mental health

evaluation, have no contact with the victim or the victim's family, and remain of uniform good behavior for eighty years. In explaining why he imposed the good-behavior condition for eighty years, the trial judge told Patterson that her behavior was "deplorable" and the condition was intended to last for "the entirety of [her] life" so that she would never "have hostile contact with these victims ever again." At that point, "the case was concluded."

This appeal followed.

## II. ANALYSIS

On appeal, Patterson contends the trial court abused its discretion in unreasonably requiring her, as a condition of the suspension of her sentence for stalking, to be of good behavior for eighty years. Patterson also contends her "conviction" for threatening bodily harm is void because the statutory offense cited in the arrest warrant, Code § 19.2-20, deals with the issuance of warrants and is not a criminal offense.

In response, the Commonwealth contends that Patterson's objections on appeal to the imposition of the eighty-year term of good behavior and to the threatening-bodily-harm warrant are barred because she failed to raise those objections before the trial court. We agree with the Commonwealth.

Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling." Thus, we will not consider a claim of trial court error as a ground for reversal "where no timely objection was made." Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998). In other words, "a litigant must object to a ruling of the circuit court if that litigant desires to challenge the ruling on appeal." Commonwealth v. Washington, 263 Va. 298, 304, 559 S.E.2d 636, 639 (2002). The purpose of the rule is to ensure that any perceived error by the trial court is "promptly brought to the attention of the trial court with

sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary. . . . Errors can usually be corrected in the trial court, particularly in a bench trial, without the necessity of appeal." Brown v. Commonwealth, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989). Hence, "we will notice error for which there has been no timely objection only when necessary to satisfy the ends of justice." Id.

Furthermore, our review on appeal "is limited to the record." Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 401 (1986). Where the record

> fails to establish that the issues appealed by appellant were raised in the trial court by an objection with a statement of the reasons therefor[, w]e cannot assume that appellant's objection and reasons were proffered but not made a part of the record. Rule 5A:8 requires appellant to present a complete transcript for this Court to consider his or her issues on appeal.

Lee v. Lee, 12 Va. App. 512, 516, 404 S.E.2d 736, 738 (1991) (en banc). Thus, the burden is on the appellant to present a sufficient record from which we may determine that he or she preserved the claimed errors for appeal.

Here, Patterson presented a record insufficient to prove she preserved the claimed errors for appeal. Nothing in the record shows that Patterson objected in the trial court to the imposition of eighty years of uniform good behavior as a condition of the suspension of the execution of her sentence on the stalking conviction.[1] Likewise, the record contains no indication that Patterson raised any objection in the trial court to the warrant charging her with threatening bodily harm.

---

[1] Patterson contends that an objection to all aspects of the sentence is implicit in a defendant's plea of not guilty. However, the numerous cases in which Rule 5A:18 and Rule 5:25, Rule 5A:18's counterpart for the Supreme Court, have been applied to claimed sentencing errors belie that assertion. See, e.g., Lewis v. Commonwealth, 267 Va. 302, 316-17, 593 S.E.2d 220, 228-29 (2004) (holding that appellant's claim that she was erroneously sentenced to death was barred on appeal under Rule 5:25 because she did not raise it in the trial court); Overton v. Commonwealth, 260 Va. 599, 604, 539 S.E.2d 421, 423 (2000) (holding that appellant's "failure to make contemporaneous objections at trial precludes consideration," under Rule 5:25, of certain claimed sentencing errors raised on appeal); Brown, 8 Va. App. at 131-34, 380 S.E.2d at 10-12 (invoking the "ends of justice" exception to Rule 5A:18 to redress a sentencing error).

Accordingly, the record before us fails to establish that Patterson presented the issues she raises on appeal to the trial court, as required by Rule 5A:18. See Parker v. Commonwealth, 42 Va. App. 358, 379, 592 S.E.2d 358, 369 (2004), aff'd, 269 Va. 174, 608 S.E.2d 925 (2005) (per curiam).

Conceding the possibility that she never objected in the trial court to the imposition of the good-behavior condition, Patterson argues that we should consider her claim on appeal because the "ends of justice" exception to Rule 5A:18 applies. We disagree.

> Rule 5A:18 provides for consideration of a ruling by the trial court that was not objected to at trial "to enable the Court of Appeals to attain the ends of justice." "'The ends of justice exception is narrow and is to be used sparingly'" when an error at trial is "'clear, substantial and material.'" Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10-11 (1989)). "In order to avail oneself of the exception, a[n appellant] *must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Id. at 221, 487 S.E.2d at 272 (citing Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)).

Legette v. Commonwealth, 33 Va. App. 221, 224, 532 S.E.2d 353, 354 (2000) (first emphasis added).

Here, Patterson does not affirmatively show that a miscarriage of justice has occurred. Patterson argues that the eighty-year good-behavior condition of suspension is unreasonable because "the customary period of probation in misdemeanor cases is two years," this is "her first criminal conviction of any kind," the surrounding circumstances of the stalking offense reflect nothing more than "a domestic situation" in which she was trying to have her son's father "get to know and spend some time with their son," and the imposition of the condition was punitive rather than rehabilitative. However, nothing in the record affirmatively supports any of the grounds upon which Patterson bases her argument. Accordingly, Patterson fails to affirmatively demonstrate a miscarriage of justice sufficient to invoke the "ends of justice" exception to Rule 5A:18.

Moreover, Patterson does not argue that we should invoke the "ends of justice" exception with respect to her threatening-bodily-harm claim of error. We will not consider such an argument *sua sponte*. Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (en banc), aff'd, No. 040019 (Va. Sup. Ct. Order of 10/15/04). We note, however, that Code § 19.2-19 and Code § 19.2-20 authorize the trial court to issue a warrant and require a person "to give a recognizance to keep the peace" when that person "threatens to kill or injure another."

For these reasons, we conclude that appellate review of the claimed errors is barred under Rule 5A:18, and we affirm Patterson's sentence on the stalking conviction and the trial court's order requiring Patterson to give a "recognizance" for threatening bodily harm.

Affirmed.