UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judge Decker and Senior Judge Clements
Argued at Chesapeake, Virginia


JAYVON LARTAY BASS

                                                    MEMORANDUM OPINION*
v.        Record No. 1442-14-2                 JUDGE JEAN HARRISON CLEMENTS
                                                        JULY 7, 2015
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                              Clarence N. Jenkins, Jr., Judge

                    Joan J. Burroughs (Law Offices of Sara M. Gaborik, on brief), for
                    appellant.

                    Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
                    Herring, Attorney General, on brief), for appellee.


        In a jury trial, Jayvon Lartay Bass (appellant) was convicted of robbery of Videll Smith

(Smith). Appellant contends his conviction should be reversed because the indictment charged

him with only attempted robbery of Smith. Appellant also challenges the sufficiency of the

evidence to sustain his conviction of robbery. We agree that appellant's conviction of robbery

on the indictment charging attempted robbery was erroneous. Accordingly, we reverse that

conviction and remand for a new trial on attempted robbery. Having reached that conclusion, we

need not consider whether the evidence was sufficient to support the robbery conviction.

                                     BACKGROUND

        In the general district court, appellant was charged with crimes he allegedly committed

against Smith, Freddie Brown, and Irving Smith (Irving) during a home invasion that occurred

on September 2, 2013. Two of the charges, which were certified to the grand jury, were robbery

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

of Smith and attempted robbery of Irving.  However, the grand jury indicted appellant for

attempted robbery of Smith and robbery of Irving.  At the beginning of appellant's jury trial, he

was arraigned on the indictments, and he pled not guilty.  At the conclusion of the evidence, the

trial court instructed the jury that it could find appellant guilty of robbery of Smith or not guilty

of that offense.  The jury also was instructed that it could find appellant guilty of robbery of

Brown, attempted robbery of Irving, using a firearm in the commission of the two robberies, and

using a firearm in the attempted robbery of Irving.  The jury found appellant guilty of robbery of

Smith, but could not reach a verdict regarding the other offenses.  The trial court sentenced

appellant, in accordance with the jury's verdict, to ten years for robbery.  In the trial court,

appellant did not object that he had been convicted of robbery in error upon an indictment that

charged him with only attempted robbery.

## ANALYSIS

"No ruling of the trial court . . . will be considered as a basis for reversal unless an

objection was stated with reasonable certainty at the time of the ruling, except for good cause

shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18.  Appellant

admits that he did not argue in the trial court that he was erroneously convicted of robbery upon

an indictment charging attempted robbery.  However, he asks this Court to invoke the ends of

justice exception to Rule 5A:18 and consider the issue on appeal.  "In order to avail oneself of

the [ends of justice] exception [to Rule 5A:18], a defendant must affirmatively show that a

miscarriage of justice has occurred . . . ."  Redman v. Commonwealth, 25 Va. App. 215, 221, 487

S.E.2d 269, 272 (1997).

> As our Supreme Court has stated, application of the ends of
> justice exception "requires a determination not only that there was
> error . . . but also that application of the exception is necessary to
> avoid a grave injustice."  Charles v. Commonwealth, 270 Va. 14,
> 20, 613 S.E.2d 432, 434 (2005).  This occurs only in "rare

instances." Ball v. Commonwealth, 221 Va. 754, 758, 273 S.E.2d 790, 793 (1981).

Lacey v. Commonwealth, 54 Va. App. 32, 46, 675 S.E.2d 846, 853 (2009).

The Commonwealth relies primarily upon Henson v. Commonwealth, 208 Va. 120, 155 S.E.2d 346 (1967), in support of its argument that the ends of justice exception should not apply in this instance. In Henson, the defendant was tried on an indictment that charged only attempted robbery. See id. at 122, 155 S.E.2d at 347. The defendant was found guilty by the trial court of robbery. See id. at 123, 155 S.E.2d at 348. Prior to sentencing, the trial court realized the error and invited defense counsel to move to set aside the verdict because of the variance. Counsel chose not to do so. See id. at 123-24, 155 S.E.2d at 348. Defense counsel did not complain of the error until the direct appeal, in which he requested that the case be remanded for sentencing for attempted robbery or, in the alternative, for a new trial on the indictment. See id. at 124, 155 S.E.2d at 349. The Supreme Court of Virginia affirmed the conviction for robbery, finding it was not void, but voidable. See id. at 124, 155 S.E.2d at 349. The Court declined to apply the ends of justice exception to its contemporaneous objection rule. See id. at 125-26, 155 S.E.2d at 349-50. Discussing its prior decision in Cunningham v. Hayes, 204 Va. 851, 134 S.E.2d 271 (1964), the Court opined:

> When we pointed out in Hayes that a conviction could be attacked on a direct appeal because of variance between indictment and verdict, we had in mind an appeal to correct an error made by the trial court. In this case the trial court committed no error. The court invited Henson's counsel to make a motion to set aside the verdict because of variance from the indictment, but counsel refused to make the motion. The court made no erroneous ruling; it had no motion to rule on.

Henson, 208 Va. at 125, 155 S.E.2d at 349.

In Legette v. Commonwealth, 33 Va. App. 221, 532 S.E.2d 353 (2000), the defendant was indicted for unlawful wounding, and he pled not guilty to that offense. At the conclusion of

the case, however, the trial court stated it found the defendant guilty of malicious wounding. See id. at 223, 532 S.E.2d at 354. The conviction order stated that the defendant was guilty as charged in the indictment. The trial court sentenced the defendant to six years with four years suspended. See id. At no time in the trial court did the defendant object to the pronouncement of guilt for malicious wounding or to the sentencing for malicious wounding. When raised for the first time on appeal, this Court applied the ends of justice exception to Rule 5A:18 to consider the issue. See id. at 225, 532 S.E.2d at 355. This Court found that "Henson does not control here. Unlike Henson, the error in this case was not revealed during the trial. Appellant did not refuse an opportunity to correct the defect." Id. at 227, 532 S.E.2d at 356. We reversed the defendant's sentence for malicious wounding and remanded for resentencing on unlawful wounding, stating:

> In this case, appellant failed to timely object to the conviction of malicious wounding and there was a common misunderstanding of all involved as to the offense charged, but we cannot escape the reality that appellant was sentenced for a higher offense than that with which he was charged. He was indicted for unlawful wounding, pled not guilty to unlawful wounding, and was found guilty of unlawful wounding.

Id. at 228, 532 S.E.2d at 356.

In Ferguson v. Commonwealth, 51 Va. App. 427, 434, 658 S.E.2d 692, 696 (2008) (*en banc*), the defendant was convicted of unlawful wounding upon an indictment that charged unlawful wounding, despite the trial court's oral pronouncement of guilt of malicious wounding. Nonetheless, the trial court sentenced the defendant in excess of the statutory maximum for unlawful wounding. See id. The defense raised no objection to the error in the trial court. Applying our holding in Legette, we considered the issue on appeal and remanded the matter for resentencing in accordance with his conviction for unlawful wounding. See id. at 437, 658 S.E.2d at 697.

In the present case, the variance between the indictment for attempted robbery and conviction for robbery apparently went unnoticed in the trial court. Thus, this is not a situation as in Henson where the error was brought to the attention of defense counsel, but he decided not to request relief from the trial court. We are bound to apply our holdings in Legette and Ferguson and invoke the ends of justice exception in this instance.

"Robbery is defined at common law as "'the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.'"" Brown v. Commonwealth, 24 Va. App. 292, 295, 482 S.E.2d 75, 77 (1997) (*en banc*) (quoting Beard v. Commonwealth, 19 Va. App. 359, 361-62, 451 S.E.2d 698, 699-700 (1994)). By contrast, "[a]n attempt is an 'unfinished crime, composed of . . . the intent to commit the crime and the doing of some direct act toward its consummation, but falling short of the accomplishment of the ultimate design.'" Id. (quoting Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E.2d 570, 573 (1968)). Where the maximum sentence for robbery is life, see Code § 18.2-58, attempted robbery is a Class 4 felony punishable with a maximum of ten years of imprisonment, see Code §§ 18.2-10(d) and 18.2-26.

"An indictment is a written accusation of a crime and is intended to inform the accused of the nature and cause of the accusation against him." Hairston v. Commonwealth, 2 Va. App. 211, 213, 343 S.E.2d 355, 357 (1986). "'The accused cannot be convicted unless the evidence brings him within the offense charged in his indictment . . . . [T]he indictment must charge the *very offense* for which a conviction is asked.'" Scott v. Commonwealth, 49 Va. App. 68, 73, 636 S.E.2d 893, 895 (2006) (quoting Williams v. Commonwealth, 8 Va. App. 336, 341, 381 S.E.2d 361, 364 (1989)). "'When a defendant is convicted of charges not included in the indictment, [either expressly or as a lesser included offense,] . . . per se reversible error [has occurred],' and

no showing of actual prejudice is required." Id. at 74, 636 S.E.2d at 896 (quoting United States v. Fletcher, 74 F.3d 49, 53 (4th Cir. 1996)).

Appellant was indicted and arraigned for attempted robbery. The completed offense of robbery was not charged in the indictment. Thus, appellant was convicted of a crime not charged in the indictment, and we must reverse the conviction.

Similarly, in Hummer v. Commonwealth, 122 Va. 826, 827, 94 S.E. 157, 157 (1917), the defendants were indicted for unlawful wounding but convicted of the greater offense of malicious wounding. The Supreme Court of Virginia found that the appropriate remedy was to reverse the malicious wounding convictions and remand for a new trial upon charges of unlawful wounding. See id. at 830, 94 S.E. at 158. Accordingly, we reverse appellant's conviction for robbery and remand for a retrial upon a charge no greater than attempted robbery.

In light of our conclusion that appellant's robbery conviction must be reversed, we need not consider the question of whether the evidence was sufficient to sustain the conviction.

<u>CONCLUSION</u>

For the foregoing reasons, we reverse appellant's conviction and remand for retrial in accordance with this opinion, if the Commonwealth be so advised.

Reversed and remanded.